Nasir Ali KHAN

v.

The STATE of Texas.

No. 01–93–00886–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

June 30, 1994.

Mark T. Sandoval, Houston, for appellant.

John B. Holmes, Jr., Mary Lou Keel, Bettina Richardson, Harris, for appellee.

Before MIRABAL, WILSON and DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

Appellant was charged by information with assault. He pled not guilty; the trial judge found him guilty and assessed his punishment at one year in jail, probated for two years. Appellant gave timely, written notice of appeal.

In two points of error, appellant contends that the court erred in proceeding to a nonjury trial without securing a written waiver of trial by jury from appellant as required by article 1.13 of the Texas Code of Criminal Procedure (Vernon Supp.1994). The State agrees with appellant, and requests that appellant's points of error be sustained.

Although appellant and the State both orally waived the right to a trial by jury, the record contains no written jury waiver. The judgment recites that appellant waived a jury, but not that he waived a jury in writing and with the consent of the State. Pursuant to this Court's order, on March 10, 1994, the trial court conducted a hearing to determine whether a written waiver was executed. After hearing testimony from the clerk of the trial court, the trial judge found that no written waiver was filed.

Effective September 1, 1991, art. 1.13 requires a written jury waiver, approved by the State, in all cases, both misdemeanor and felony. *State ex rel. Curry v. Carr*, 847

S.W.2d 561, 562 (Tex.Crim.App.1992); *Chaouachi v. State,* 870 S.W.2d 88, 94 (Tex. App.—San Antonio 1993, no pet.). A judgment recital that the defendant waived the right to a jury is insufficient; the record must reflect that the defendant waived the right in writing. *Chaouachi,* 870 S.W.2d at 94. Moreover, a violation of the requirement of a written jury waiver is not subject to a harm analysis. *Id.*

We reverse the judgment and remand the cause for a new trial.