**Linda Diane TRAHAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–96–01232–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 13, 1999.

**938**

Scott Ramsey, Houston, for appellant.

John B. Holmes, Carol M. Cameron, Houston, for appellee.

Panel consists of Chief Justice SCHNEIDER, and Justices O'CONNOR, and TAFT.

## OPINION

MICHAEL H. SCHNEIDER, Chief Justice.

After a bench trial, appellant was convicted of possession of cocaine weighing more than one gram and less than four grams. Appellant pled true to three prior felony conviction enhancements, and the court assessed punishment at 30 years confinement.

■ In her sole point of error, appellant alleges that the trial court record does not affirmatively show that she waived her right to jury trial. We reverse and remand.

### I. Did the Trial Court Err in Failing to Obtain a Written Waiver?

#### A. Procedural History

The record does not contain a written jury waiver. Therefore, on October 5, 1998, we issued an order directing the district clerk to file a supplemental record containing any written jury waiver executed by appellant in this cause or a certification that no such jury waiver could be found.

In response, the deputy district clerk assigned to the 262nd Criminal District Court filed an affidavit on October 28, 1998, in which the clerk stated that he "personally conducted a search of the records of the above-mentioned cause for the 'Waiver of Trial by Jury.' As of this date no such waiver has been found."

We next issued an Opinion of Abatement on December 10, 1998, abating the appeal and remanding the cause to the trial court for it to conduct a hearing and to make appropriate findings concerning the issues of:

(1) Whether appellant executed a written waiver of jury trial in this case in accordance with article 1.13(a) of the Code of Criminal Procedure; and

(2) If so, whether an accurate copy of the waiver exists that can be included in a supplemental clerk's record. *See* TEX.R.APP. P. 34.5(e).

Accordingly, the district court held a hearing on January 8, 1999, and found as follows:

"Based on taking judicial notice of the clerk's file in Cause No. 727,065 and the evidence introduced today, I make a finding that the Defendant did not execute a written waiver of jury trial in this case in accordance with Article 1.138[sic], Code of Criminal Procedure and that there is no accurate copy of the waiver in existence that can be introduced in the supplemental clerk's record."

#### B. Right to Jury Trial

■ The Texas Constitution provides that "[t]he right of trial by jury shall remain inviolate." TEX. CONST. art. 1, § 15; *see also* TEX.CODE CRIM. P. ANN. art. 1.12 (Vernon 1977). The United States Constitution also protects the right to trial by jury. U.S. CONST. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury."). Further, a jury trial is "fundamental to the American scheme of justice . . . ." *Duncan v. Louisiana,* 391 U.S. 145, 149, 88 S.Ct. 1444, 1447, 20 L.Ed.2d 491 (1968); *accord Samudio v. State,* 648 S.W.2d 312, 314 (Tex.Crim.App. 1983). Because of the "fundamental" and "inviolate" nature of the right to trial by

jury, Texas law requires waiver of jury trial to be made in person in writing in open court. *Marquez v. State*, 921 S.W.2d 217, 220 (Tex.Crim.App.1996); TEX.CODE CRIM. P. ANN. art. 1.13 (Vernon Supp.1999).

## C. Waiver of Right to Jury Trial

██ A defendant has a right to waive a jury trial; however, such a right is subject to the statutory conditions of article 1.13(a) of the Code of Criminal Procedure, which provides:

> The defendant in a criminal prosecution for any offense other than a capital felony case in which the State notifies the court and the defendant that it will seek the death penalty shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State.

TEX.CODE CRIM. P. ANN. art. 1.13(a) (Vernon Supp.1999).

██ Appellant's acquiescence, under the circumstances, in proceeding to trial without a jury does not constitute a written waiver. *See Samudio v. State*, 635 S.W.2d 183, 185 (Tex.App.—Houston [1st Dist.] 1982), *aff'd*, 648 S.W.2d 312 (Tex. Crim.App.1983). A judgment recital that the defendant waived the right to a jury is insufficient; the record must reflect that the defendant waived the right in writing. *Khan v. State*, 881 S.W.2d 60, 61 (Tex. App.—Houston [1st Dist.] 1994, no pet.).

██ Where a defendant voluntarily, knowingly, and intelligently waives his right to be tried by a jury, and the trial court properly memorializes its approval and consent of such waiver in compliance with article 1.13, every material interest of the defendant is satisfied. *Shaffer v. State*, 769 S.W.2d 943, 945 (Tex.Crim.App. 1989).

## D. Preservation of Error and Presumption of Regularity

██ To preserve error for appellate review, the complaining party must make a timely, specific objection, at the earliest opportunity, and obtain an adverse ruling. *Turner v. State*, 805 S.W.2d 423, 431 (Tex. Crim.App.1991); *Solis v. State*, 945 S.W.2d 300, 301 (Tex.App.—Houston [1st Dist.] 1997, pet. ref'd); TEX.R.APP. P. 33.1. Even constitutional errors may be waived by the failure to object at trial. *Briggs v. State*, 789 S.W.2d 918, 924 (Tex.Crim.App.1990). However, a defendant is not required to preserve error, in proceeding to bench trial without a written waiver of jury trial, by a motion for new trial or a motion in arrest of judgment. *Hall v. State*, 843 S.W.2d 190, 192 (Tex.App.—Houston [14th Dist.] 1992, no pet.).

██ There is a presumption of regularity of the judgment and the proceedings absent a showing to the contrary, and the burden is on the defendant to overcome this presumption. *Ex parte Wilson*, 716 S.W.2d 953, 956 (Tex.Crim.App.1986), *cited in Dusenberry v. State*, 915 S.W.2d 947, 949 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd). The absence of a written jury waiver by itself is insufficient to overcome the presumption that the recitals in a formal judgment are true. *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex.Crim.App. 1985) (op. on reh'g).

In *Ex parte Lyles*, 891 S.W.2d 960, 961 (Tex.Crim.App.1995), the Court of Criminal Appeals found that the presumption of regularity in the judgment's recital concerning a written jury waiver had been overcome by evidence in support of habeas corpus application, where the trial court found that there was no written waiver in the record, that there was no oral waiver in the statement of facts, and that the trial court did not ask defendant if he waived his right to jury trial.

██ In this case, there is no written waiver in the record, and there is no oral waiver in the statement of facts; however,

there is an affidavit from the deputy district clerk stating that "no such waiver has been found," and there are the findings of the trial court that "there is no evidence in the Clerk's file, including the docket sheet to indicate that Appellant executed a written waiver of jury trial. . . ." The presumption of regularity has been overcome. Thus, we conclude the trial court erred by proceeding with a bench trial in the absence of a written waiver of appellant's right to a jury trial.

## II. Was the Error Harmful?

### A. Pre-*Carranza* Precedent

Unlike the approach directed by *Carranza v. State*, 980 S.W.2d 653 (Tex.Crim. App.1998), the prior case law on this topic generally called for reversal when a defendant was tried before the court without the defendant's written jury waiver. *Townsend v. State*, 865 S.W.2d 469, 470 (Tex. Crim.App.1993).

In *Meek v. State*, 851 S.W.2d 868, 870 (Tex.Crim.App.1993), the Court of Criminal Appeals addressed the issue in a felony case whether "the violation of the jury waiver requirements of article 1.13 calls for reversal or [is] subject to a harmless error analysis." The court concluded that the application of the harmless error doctrine in such a context was "perverse and inappropriate." *Id.* at 871. *Meek* held that the failure of the defendant to sign and file a written jury waiver rendered the conviction a nullity and dictated reversal without an analysis of harm. *Id.* at 870–71.

A short time later, the Court of Criminal Appeals limited the reach of *Meek* by stating:

"Except for certain federal constitutional errors labeled by the United States Supreme Court as 'structural,' no error, whether it relates to jurisdiction, voluntariness of a plea, or any other mandatory requirement, is categorically immune to a harmless error analysis."

*Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim.App.1997).

Structural defects in the constitution of the trial mechanism defy analysis by "harmless-error" standards. *Arizona v. Fulminante*, 499 U.S. 279, 280, 111 S.Ct. 1246, 1249, 113 L.Ed.2d 302 (1991), *quoted in Rey v. State*, 897 S.W.2d 333, 344 (Tex. Crim.App.1995). The entire conduct of the trial from beginning to end is obviously affected by structural errors such as: the absence of counsel for a criminal defendant, a partial judge, unlawful exclusion of members of the defendant's race from a grand jury, the right to self-representation at trial, and the right to public trial. *Rey*, 897 S.W.2d at 344. Each of these constitutional deprivations is a similar structural defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself. *Id.* "Without these basic protections, a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence, and no criminal punishment may be regarded as fundamentally fair." *Rose v. Clark*, 478 U.S. 570, 577–78, 106 S.Ct. 3101, 3106, 92 L.Ed.2d 460 (1986) (citation omitted).

### B. *Carranza* Analysis of Error in Criminal Cases and Standard of Review

*Carranza* involved an error analysis under Rule of Appellate Procedure 44.2 regarding article 26.13(a)(4) of the Code of Criminal Procedure. *Carranza*, 980 S.W.2d at 656. Specifically, the appellant in *Carranza* claimed the trial judge erred by not complying with the statutory requirement of admonishing him that he could be deported if he pled guilty. *Id.* at 654.

The court determined that while the admonishment itself is not constitutionally required, it aids the trial court in determining that the relinquishment of rights by a defendant is both knowing and voluntary. *Id.* at 656. While the court found this to be non-constitutional error, the court sustained the Dallas Court of Ap-

peals because the error affected a substantial right. *Id.* at 658.

■ A careful reading of Rule of Appellate Procedure 44.2 and relevant case law reveals several types of error that can occur in criminal cases: (1) constitutional error that is not subject to harmless error analysis (*i.e.*, structural error); (2) constitutional error that is harmful; (3) constitutional error that is harmless; (4) non-constitutional error that is harmful (*i.e.*, affects a substantial right); (5) non-constitutional error that is harmless (*i.e.*, does not affect a substantial right). *Carranza,* 980 S.W.2d at 656.

When conducting a rule 44.2 harm analysis, our first task is to determine whether the failure to comply with article 1.13 in this case is an error of constitutional magnitude or an error that affects a substantial right. *Id.*

Although the written jury waiver procedure embodied in article 1.13 has not been held to be constitutionally mandated, the legislature has chosen to observe careful regulation of the constitutional right to trial by jury by specifying how that right may be waived. *Ex parte Sadberry,* 864 S.W.2d 541, 543 (Tex.Crim.App.1993). While the written waiver itself is not constitutionally required, it aids the trial court in making the determination that the relinquishment of rights, constitutional or otherwise, by the defendant is voluntary, knowing, and intelligent. *Patton v. United States,* 281 U.S. 276, 312, 50 S.Ct. 253, 263, 74 L.Ed. 854 (1930), *quoted in Samudio v. State,* 648 S.W.2d 312, 313–14 (Tex.Crim. App.1983); *Shaffer,* 769 S.W.2d at 945.

■ Accordingly, we conclude that the failure of the trial court to obtain a written waiver of jury trial from appellant constitutes non-constitutional error.

■ Rule 44.2(b) mandates that any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded. Tex.R.App. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State,* 953 S.W.2d 266, 271 (Tex. Crim.App.1997); *Hughes v. State,* 962 S.W.2d 689, 695 (Tex.App.—Houston [1st Dist.] 1998, pet. ref'd).

■ Unfortunately, the often-cited *King* definition of "substantial right" is awkward to apply in the context of a bench trial or trial to the court without a jury. As a result, we are forced to look to other sources for guidance. The federal and state requirements for a written jury waiver are substantially identical. *Compare* Fed.R.Crim.P. 23 *with* Tex.Code Crim. P. Ann. art. 1.13(a). As article 26.13 [1] is designed to ensure the constitutional requirement that an accused's guilty plea be knowing and voluntary, the written jury waiver requirement is designed to ensure an accused's constitutional right to jury trial. *Johnson v. State,* 984 S.W.2d 736, 738 (Tex.App.—Waco 1998, pet. filed).

The federal courts employ the following rule when reviewing cases where no written waiver appears in the record: A defendant may not effectively waive his right to jury trial without meeting Rule 23's "in writing" requirement. *Id.* The only exception is where the record clearly reflects that the defendant "personally gave express consent in open court, intelligently and knowingly." *United States v. Saadya,* 750 F.2d 1419, 1420 (9th Cir.1985) (*quoting United States v. Reyes,* 603 F.2d 69, 71 (9th Cir.1979)); *accord United States v. Lockwood,* 604 F.2d 7, 8 (5th Cir.1979).

■ Henceforth, we shall follow this rule. Thus, if the record contains no written jury waiver, we will find that the defendant's "substantial rights" have been affected unless the record clearly reflects that the defendant personally gave express consent in open court, intelligently and knowingly.

1. The appellant in *Carranza* claimed error based on the trial court's failure to comply with the admonishment requirements of Article 26.13.

In the case before us, the record in no way reflects that appellant personally and expressly waived her right to a jury trial in open court. Accordingly, we conclude that her "substantial rights" have been affected. TEX.R.APP. P. 44.2(b). We sustain her sole point of error.

The judgment of the trial court is reversed, and this cause is remanded for further proceedings.