Ken R. SLUIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–98–00359–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 20, 2000.

Rehearing Overruled Feb. 11, 2000.

Troy S. Locklear, Houston, for appellant.

Alan Curry, John B. Holmes, Houston, for State.

Panel consists of Justices O'CONNOR, HEDGES, and PRICE.*

## OPINION

FRANK C. PRICE, Justice (Assigned).

Appellant, Ken R. Sluis, pled not guilty to Class A misdemeanor assault and was convicted after a court trial. The court assessed punishment of 60 days in jail, probated for one year, and a $300 fine. In five points of error, appellant argues his

---

conviction should be reversed because the record does not reflect he executed a written waiver of his right to a jury trial. We reverse.

## THE FACTS

Because the clerk's record did not include a written jury waiver, on April 8, 1999, we abated this appeal and remanded the case to the trial court for a hearing to determine: (1) whether appellant executed a written waiver of jury trial, and (2) if so, whether an accurate copy of such waiver existed with which the record could be supplemented. On April 21, 1999, a supplemental clerk's record was filed. It contained the affidavit of Donna Valis, deputy district clerk and supervisor of the Post Trial Section of the Harris County District Clerk's office. The affidavit states, in pertinent part:

> Upon making a diligent search of the criminal case file, micrographic records, and closed files section of the District Clerk's office, a document of Jury Waiver can not be located.

> We will continue to search for the above mentioned document and upon its location will supplement the appeal record.

A hearing was conducted in the trial court in accordance with our order. A record of the proceedings, along with the trial court's findings and recommendations, were forwarded to this Court.

At the hearing, Linda Hawkins, clerk of Harris County Criminal Court at Law Number 8, testified she did not find a written jury waiver in the file of this cause, nor any indication that such a waiver was ever filed. She also testified it was not uncommon for something to be missing from a clerk's file. Appellant testified he did not waive his right to a jury trial either orally or in writing. Appellant's trial counsel testified he did not recall filing a waiver of jury trial in this case. In its written findings, the trial court concluded:

> the appellant, on advice of counsel, requested a trial to the court, both orally

and in writing; that in all likelihood, the written waiver of a jury trial was executed by the appellant and filed, but for some reason is not now in the clerk's file.

## THE LAW

The Code of Criminal Procedure requires that, except in capital murder cases in which the State seeks the death penalty, a defendant's waiver of his right to trial by jury must be made by the defendant in writing in open court. Article 1.13(a) reads:

> The defendant in a criminal prosecution for any offense other than a capital felony case in which the State notifies the court and the defendant that it will seek the death penalty shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State. The consent and approval by the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea.

Tex.Code Crim. P. art. 1.13(a).

■ Since September 1, 1991, the requirement that a jury waiver be in writing has applied to misdemeanor cases, as well as felonies. *Khan v. State*, 881 S.W.2d 60, 60–61 (Tex.App.—Houston [1st Dist.] 1994, no pet.); *see also Samudio v. State*, 648 S.W.2d 312, 313 (Tex.Crim.App.1983); Act of May 27, 1991, 72nd Leg., R.S., ch. 652, § 1, 1991 Tex. Gen. Laws 2394, 2394.

## ANALYSIS

■ This case is controlled by our recent decision in *Trahan v. State*, 991 S.W.2d 936 (Tex.App.—Houston [1st Dist.] 1999, pet. filed). In that case, as in this one, the defendant was convicted after a

court trial, and no written jury waiver could be located by the deputy district clerk. As in the present case, we abated the appeal and remanded the case for a hearing on the matter. In *Trahan,* the trial court concluded that the defendant did not execute a written waiver of jury trial. We held that the appellant's acquiescence in proceeding to trial without a jury did not constitute a written waiver; a judgment recital that the defendant waived the right to a jury was insufficient; and the defendant was not required to preserve error by a motion for new trial or a motion in arrest of judgment. *Id.* at 939.

 We further held that the error was non-constitutional. Therefore, any error, defect, irregularity, or variance that did not affect substantial rights must be disregarded. *See* Tex.R.App. P. 44.2(b). We concluded that the *King*[1] definition of when a substantial right is affected ("when the error had a substantial and injurious effect or influence in determining the jury's verdict") was awkward to apply in the context of a bench trial. We therefore looked to the federal courts for guidance and adopted the following rule:

> [I]f the record contains no written jury waiver, we will find that the defendant's "substantial rights" have been affected unless the record clearly reflects that the defendant personally gave express consent in open court, intelligently and knowingly.

*Trahan,* 991 S.W.2d at 941.

In the present case, no written waiver of jury trial can be found, and no waiver is reflected either in the reporter's record or as an entry on the judge's docket sheet. The judgment recites that "[t]he defendant waived his right of trial by jury"; however, this is insufficient because the record must reflect that the waiver was in writing. *Khan,* 881 S.W.2d at 61; *Trahan,* 991 S.W.2d at 939. Appellant testified he did not waive his right to jury trial. His counsel did not recall filing a

written jury waiver. There was no evidence that appellant executed a written waiver of jury trial. In its findings and recommendations, the trial court concluded that appellant, "in all likelihood," requested a court trial, both orally and in writing because appellant signed a case reset form, setting the case for "Ct Trial." The reset form is in the clerk's record, and we have examined it. The form is not a waiver of right to jury trial, does not mention the right, and cannot substitute for a waiver of right to jury trial.

Despite the trial court's detailed findings, we conclude that appellant did not waive his right to jury trial in writing, as required by article 1.13(a) of the Code of Criminal Procedure. We further hold that appellant's "substantial rights" were affected because the record does not reflect that appellant personally gave express consent in open court, intelligently and knowingly. *Trahan,* 991 S.W.2d at 941; Tex.R.App. P. 44.2(b).

We sustain point of error three.

We reverse the judgment and remand the case to the trial court.

---

1. *King v. State,* 953 S.W.2d 266, 271 (Tex. Crim.App.1997).