Joseph GARZA, Jr., Appellant,

v.

The STATE of Texas, Appellee.

Nos. 04-00-00307-CR, 04-00-00308-CR.

Court of Appeals of Texas,
San Antonio.

Aug. 22, 2001.

---

Clay B. Steadman, Kerrville, for Appellant.

E. Bruce Curry, Dist. Atty., Kerrville, for Appellee.

Sitting: ALMA L. LÓPEZ, PAUL W. GREEN, and KAREN ANGELINI, Justices.

## OPINION

ALMA L. LÓPEZ, Justice.

We withdraw our opinion and judgment of June 27, 2001 and substitute this opinion and judgment in their place. The opinion is revised to clarify our original opinion in light of *Cain v. State*, 947 S.W.2d 262 (Tex.Crim.App.1997) and *Meek v. State*, 851 S.W.2d 868 (Tex.Crim.App.1993).

Joseph Garza, Jr. appeals from a conviction of aggravated robbery and felony escape. We find that the failure to obtain a jury waiver prior to trial before the court constitutes reversible error. Therefore, we reverse and remand the cause to the trial court for further proceedings.

## Background

On December 13, 1999, Garza was indicted for aggravated robbery and felony escape. Garza pled not guilty to the charges and proceeded to trial before the court. On April 20, 2000, Garza was found guilty by the court. Punishment was assessed at sixteen years imprisonment in the Texas Department of Criminal Justice Institutional Division and a fine of $1,000 for the aggravated robbery, and ten years imprisonment, a fine of $1,000, plus restitution in the amount of $2,700 for the felony escape. The sentences are to run concurrently.

On April 27, 2000, Garza filed a notice of appeal and a motion for new trial. The motion for new trial was denied by the trial court on May 1, 2000. That same day, the trial court appointed appellate counsel to assist Garza in the filing of his direct appeal. On May 15, 2000, the court-appointed appellate counsel filed another motion for new trial, unaware of the fact that Garza had previously filed a motion for new trial and that it had been denied. Garza attempted to withdraw the motion for new trial. However, on May 30, 2000, the trial court conducted an evidentiary hearing concerning Garza's second motion for new trial. On June 26, 2000, the trial court again denied Garza's motion for new trial and issued findings of fact and conclusions of law on Garza's second motion for new trial. Garza raises three issues on appeal. Garza challenges the legal and factual sufficiency of the evidence, and Garza asserts that the trial court committed reversible error by failing to obtain a written jury waiver from him prior to proceeding to a bench trial, in violation of article 1.13(a) of the Texas Code of Criminal Procedure. Because we sustain the jury waiver issue, it is unnecessary to consider the legal and factual sufficiency challenges.

## Jury Waiver

Garza contends that the State committed reversible error by failing to obtain a formal written waiver of his right

of trial by jury prior to proceeding to a bench trial. The defendant in a criminal prosecution for any offense, other than a capital felony case, shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State. The consent and approval by the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea. TEX.CRIM. PROC.CODE ANN. § 1.13(a) (Vernon Supp.2001). The right to a jury trial at the guilt stage is both a statutory right and a constitutional right. *See Lowery v. State*, 974 S.W.2d 936, 940 (Tex.App.—Dallas 1998, no pet.). An accused person is not barred from waiving his right to trial by jury in a felony case, rather a defendant can avail himself of specific statutory procedures that outline how and in what manner the right to a jury trial may be waived. Thus, if a defendant wants to relinquish his right to trial by jury, the requirements of article 1.13(a) must be satisfied and the record must reflect that the defendant expressly waived his right to trial by jury in writing and in open court knowingly and intelligently. *See Sluis v. State*, 11 S.W.3d 410, 412 (Tex.App.—Houston [1st Dist.] 2000, pet. filed); *Trahan v. State*, 991 S.W.2d 936, 941–942 (Tex.App.—Houston [1st Dist.] 1999, pet. filed); *Khan v. State*, 881 S.W.2d 60, 61 (Tex.App.—Houston [1st Dist.] 1994, no pet.); *Chaouachi v. State*, 870 S.W.2d 88, 94 (Tex.App.—San Antonio 1993, no pet.); *Hall v. State*, 843 S.W.2d 190, 193 (Tex.App.—Houston [14th Dist.] 1992, no pet.).

■ The appellate record does not reflect that Garza expressly waived his right to a jury trial in writing, in open court knowingly and intelligently. Moreover, the record lacks the court's consent and approval of a non-jury trial, as well as the signed consent and approval of the State's attorney, as specifically required by article 1.13(a). In fact, the record contains Defendant's Election as to Punishment which states that Garza had chosen for a jury to assess his punishment if he was found guilty. Defendant's Statement in Support of Jury Probation further states that Garza had informed the trial court of his intention to make a motion for probation in the event the jury found him guilty. Both documents strongly support Garza's claim that he intended to be tried by a jury and that he did not waive his right of trial by jury.

The record, however, also contains Findings of Fact and Conclusions of Law issued by the trial court in response to Garza's second motion for new trial. Garza's motion pointed out that a formal written waiver of jury trial had not been filed prior to trial, and that the error raised viable grounds for consideration of a new trial. Determining that such an error could be addressed at a hearing, the trial court declined Garza's request to withdraw his second motion for new trial and conducted an evidentiary hearing. Despite the trial court's acknowledgment that no written waiver was filed, the trial court nonetheless found, based on the affidavit provided by Garza's trial counsel, that Garza was advised of his right regarding a jury trial and that Garza indicated an understanding of such right. The trial court further found that at the time the cases were called for trial, all the parties, including the prosecutor, Garza, defense counsel, as well as the judge, understood that the trial was being conducted without a jury. With these findings of fact, the

trial court concluded that when an issue is brought to the attention of the court by virtue of a motion for new trial, judicial economy dictates that the trial court has the authority to consider evidence and make a determination on said issue. The court further concluded that since it was the desire of all the parties, including Garza himself, that a jury trial be waived, and because Garza had been advised of his rights to a jury trial, but had voluntarily and knowingly waived those rights and instructed his counsel to seek a non-jury trial, there was no harm shown to Garza which warranted a new trial.

It is well settled in Texas jurisprudence that the right to trial by jury is "inviolate," and that the legislative regulations of that right, including article 1.13's requirements, ensure that such right maintains its purity and efficacy. TEX. CONST. ART. I, §§ 10, 15; TEX.CRIM. PROC.CODE ANN. §§ 1.12, 1.13(a) (Vernon Supp.2001); *Marquez v. State,* 921 S.W.2d 217, 220 (Tex.Crim.App.1996); *Meek v. State,* 851 S.W.2d 868, 871(Tex.Crim.App.1993); *Samudio v. State,* 648 S.W.2d 312, 312 (Tex.Crim.App. 1983); *Randel v. State,* 153 Tex.Crim. 282, 219 S.W.2d 689, 696 (1949); *McMillan v. State,* 122 Tex.Crim. 583, 57 S.W.2d 125, 126 (1933); *Dabney v. State,* 124 Tex.Crim. 21, 60 S.W.2d 451, 451 (1933); *Ex Parte Garner,* 93 Tex.Crim. 179, 246 S.W. 371, 372 (1922). Therefore, if the right of trial by jury is to be relinquished, we hold that it must be waived in accordance with the specific statutory requirements of article 1.13(a). Despite the trial court's Findings of Fact and Conclusions of Law, we find that the failure to procure a written waiver or a statement in open court by the defendant waiving his right of trial by jury prior to proceeding to a bench trial was error.

### Harmless Error Analysis

Accordingly, we must determine whether this error is subject to a harmless error analysis. In *Meek v. State,* 851 S.W.2d 868, 871 (Tex.Crim.App.1993), the court of criminal appeals held that a trial court's error in failing to comply with the jury waiver requirements of article 1.13 is not subject to a harmless error analysis. However, in *Cain v. State,* 947 S.W.2d 262, 264 (Tex.Crim.App.1997), the court of criminal appeals held that "except for certain federal constitutional errors labeled by the United States Supreme Court as 'structural,' no error ... is categorically immune to a harmless error analysis." The *Cain* court declared that "to the extent that *Marin [v. State,* 851 S.W.2d 275 (Tex.Crim.App.1993)] ... and any other decision conflicts with the present opinion, they are overruled." *Id.*

Hence, we must determine whether the trial court's error is of constitutional dimension or one that affects Garza's substantial rights. See *Trahan,* 991 S.W.2d at 940–41. While the right to trial by jury is a constitutional privilege, the ability to waive a jury trial is a statutory right, and how a defendant may waive that right is regulated by the legislature. See *id.* at 941. Thus, a trial court's failure to procure a written jury trial waiver is a non-constitutional error, and the harmless error analysis would be the proper vehicle for reviewing the error to determine if it is indeed harmless. See *Trahan,* 991 S.W.2d at 941; *Aguirre–Mata v. State,* 992 S.W.2d 495, 498 (Tex.Crim.App.1999). Similarly, the Texas Rules of Appellate Procedure mandate that any error, defect, irregularity, or variance that is non-constitutional must be disregarded, unless it affects an appellant's substantial rights. TEX.R.APP. P. 44.2(b). In other words, the error will be overlooked unless it caused a substantial and injurious effect or influence in determining the jury's verdict. This definition, however, does not correctly apply to

a situation involving a trial to the court without a jury. *See Sluis*, 11 S.W.3d at 412; *Trahan*, 991 S.W.2d at 941. As a result, we are forced to look to other sources for guidance. *See Sluis*, 11 S.W.3d at 412; *Trahan*, 991 S.W.2d at 941; *Johnson v. State*, 984 S.W.2d 736, 738 (Tex.App.—Waco 1998, pet. granted).

Texas appellate courts have recognized that the federal and state requirements for a written jury waiver are substantially identical, and thus have adopted the federal rule when reviewing cases where no written waiver appears in the record. *See Sluis*, 11 S.W.3d at 412; *Trahan*, 991 S.W.2d at 941; *Johnson*, 984 S.W.2d at 738. The federal rule states that if the record contains no written jury waiver, then a defendant's substantial rights have been affected, unless the record clearly reflects that the defendant personally gave express consent in open court, intelligently and knowingly. FED.R.CRIM.P. 23. When reviewing cases where no written waiver appears in the record, we think that the federal rule is the better rule, as it ensures an accused's constitutional right to jury trial, and stays in step with our prior holding that the failure to obtain a written waiver of jury trial from the defendant prior to proceeding to a bench trial is harmful, reversible error. *See Chaouachi*, 870 S.W.2d at 94. Thus, if the record contains no written jury waiver, we will find that the defendant's "substantial rights" have been affected, unless the record clearly reflects that the defendant personally gave express consent waiving his right to trial by jury in open court, intelligently and knowingly.

When reviewing the case at hand, it is readily apparent that a written waiver of jury trial was never obtained from Garza before proceeding to trial before the court. And although Garza's trial counsel maintains that Garza was advised of his right to a jury trial and waived said right, the record does not reflect that Garza personally gave express consent waiving his right to a jury trial in open court intelligently and knowingly. We find that because the State failed to follow the clear and specific requirements of article 1.13(a) prior to proceeding to a bench trial, Garza's substantial rights were affected, and we therefore reverse the judgment of the trial court and remand the cause for further proceedings.