Nos. 04-00-00307-CR & 04-00-00308-CR 



Joseph GARZA, Jr., 


Appellant



v.



The STATE of Texas,


Appellee



From the 216th Judicial District Court, Kerr County, Texas


Trial Court Nos. A-99-253 & A-99-252


Honorable Stephen B. Ables, Judge Presiding



Opinion by: Alma L. López, Justice


Sitting: Alma L. López, Justice

 Paul W. Green, Justice 

 Karen Angelini, Justice

 

Delivered and Filed: August 22, 2001


REVERSED AND REMANDED


We withdraw our opinion and judgment of June 27, 2001 and substitute this opinion and
judgment in their place. The opinion is revised to clarify our original opinion in light of Cain v. State,
947 S.W.2d 262 (Tex. Crim. App. 1997) and Meek v. State, 851 S.W.2d 868 (Tex. Crim. App.
1993). 

Joseph Garza, Jr. appeals from a conviction of aggravated robbery and felony escape. We find
that the failure to obtain a jury waiver prior to trial before the court constitutes reversible error.
Therefore, we reverse and remand the cause to the trial court for further proceedings. 

Background

On December 13, 1999, Garza was indicted for aggravated robbery and felony escape. Garza
pled not guilty to the charges and proceeded to trial before the court. On April 20, 2000, Garza was
found guilty by the court. Punishment was assessed at sixteen years imprisonment in the Texas
Department of Criminal Justice Institutional Division and a fine of $1,000 for the aggravated robbery,
and ten years imprisonment, a fine of $1,000, plus restitution in the amount of $2,700 for the felony
escape. The sentences are to run concurrently. 

On April 27, 2000, Garza filed a notice of appeal and a motion for new trial. The motion for
new trial was denied by the trial court on May 1, 2000. That same day, the trial court appointed
appellate counsel to assist Garza in the filing of his direct appeal. On May 15, 2000, the court-appointed appellate counsel filed another motion for new trial, unaware of the fact that Garza had
previously filed a motion for new trial and that it had been denied. Garza attempted to withdraw the
motion for new trial. However, on May 30, 2000, the trial court conducted an evidentiary hearing
concerning Garza's second motion for new trial. On June 26, 2000, the trial court again denied
Garza's motion for new trial and issued findings of fact and conclusions of law on Garza's second
motion for new trial. Garza raises three issues on appeal. Garza challenges the legal and factual
sufficiency of the evidence, and Garza asserts that the trial court committed reversible error by failing
to obtain a written jury waiver from him prior to proceeding to a bench trial, in violation of article
1.13(a) of the Texas Code of Criminal Procedure. Because we sustain the jury waiver issue, it is
unnecessary to consider the legal and factual sufficiency challenges.

Jury Waiver

Garza contends that the State committed reversible error by failing to obtain a formal written
waiver of his right of trial by jury prior to proceeding to a bench trial. The defendant in a criminal
prosecution for any offense, other than a capital felony case, shall have the right, upon entering a plea,
to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by
the defendant in writing in open court with the consent and approval of the court, and the attorney
representing the State. The consent and approval by the court shall be entered of record on the
minutes of the court, and the consent and approval of the attorney representing the State shall be in
writing, signed by him, and filed in the papers of the cause before the defendant enters his plea. Tex.
Crim. Proc. Code Ann. §1.13(a) (Vernon Supp. 2001). The right to a jury trial at the guilt stage is
both a statutory right and a constitutional right. See Lowery v. State, 974 S.W.2d 936, 940 (Tex.
App.-Dallas 1998, no pet.). An accused person is not barred from waiving his right to trial by jury
in a felony case, rather a defendant can avail himself of specific statutory procedures that outline how
and in what manner the right to a jury trial may be waived. Thus, if a defendant wants to relinquish
his right to trial by jury, the requirements of article 1.13(a) must be satisfied and the record must
reflect that the defendant expressly waived his right to trial by jury in writing and in open court
knowingly and intelligently. See Sluis v. State, 11 S.W.3d 410, 412 (Tex. App.-Houston [1st Dist.]
2000, pet. filed); Trahan v. State, 991 S.W.2d 936, 941-942 (Tex. App.-Houston [1st Dist.] 1999,
pet. filed); Khan v. State, 881 S.W.2d 60, 61 (Tex. App.-Houston [1st Dist.] 1994, no pet.);
Chaouachi v. State, 870 S.W.2d 88, 94 (Tex. App.-San Antonio 1993, no pet.); Hall v. State, 843
S.W.2d 190, 193 (Tex. App.-Houston [14th Dist.] 1992, no pet.).

The appellate record does not reflect that Garza expressly waived his right to a jury trial in
writing, in open court knowingly and intelligently. Moreover, the record lacks the court's consent
and approval of a non-jury trial, as well as the signed consent and approval of the State's attorney,
as specifically required by article 1.13(a). In fact, the record contains Defendant's Election as to
Punishment which states that Garza had chosen for a jury to assess his punishment if he was found
guilty. Defendant's Statement in Support of Jury Probation further states that Garza had informed
the trial court of his intention to make a motion for probation in the event the jury found him guilty.
Both documents strongly support Garza's claim that he intended to be tried by a jury and that he did
not waive his right of trial by jury. 

The record, however, also contains Findings of Fact and Conclusions of Law issued by the
trial court in response to Garza's second motion for new trial. Garza's motion pointed out that a
formal written waiver of jury trial had not been filed prior to trial, and that the error raised viable
grounds for consideration of a new trial. Determining that such an error could be addressed at a
hearing, the trial court declined Garza's request to withdraw his second motion for new trial and
conducted an evidentiary hearing. Despite the trial court's acknowledgment that no written waiver
was filed, the trial court nonetheless found, based on the affidavit provided by Garza's trial counsel,
that Garza was advised of his right regarding a jury trial and that Garza indicated an understanding
of such right. The trial court further found that at the time the cases were called for trial, all the
parties, including the prosecutor, Garza, defense counsel, as well as the judge, understood that the
trial was being conducted without a jury. With these findings of fact, the trial court concluded that
when an issue is brought to the attention of the court by virtue of a motion for new trial, judicial
economy dictates that the trial court has the authority to consider evidence and make a determination
on said issue. The court further concluded that since it was the desire of all the parties, including
Garza himself, that a jury trial be waived, and because Garza had been advised of his rights to a jury
trial, but had voluntarily and knowingly waived those rights and instructed his counsel to seek a non-jury trial, there was no harm shown to Garza which warranted a new trial.

It is well settled in Texas jurisprudence that the right to trial by jury is "inviolate," and that the
legislative regulations of that right, including
article 1.13's requirements, ensure that such right
maintains its purity and efficacy. Tex. Const. art. i, §§ 10, 15; Tex. Crim. Proc. Code Ann. §§ 1.12,
1.13(a) (Vernon Supp. 2001); Marquez v. State, 921 S.W.2d 217, 220 (Tex. Crim. App. 1996)
; Meek
v. State, 851 S.W.2d 868, 871(Tex. Crim. App. 1993); Samudio v. State, 648 S.W.2d 312, 312 (Tex.
Crim. App. 1983); Randel v. State, 219 S.W.2d 689, 696 (Tex. Crim. App. 1949); McMillan v. State,
57 S.W.2d 125, 126(Tex. Crim. App. 1933); Dabney v. State, 60 S.W.2d 451, 451 (Tex. Crim. App.
1933); Ex Parte Garner, 246 S.W. 371, 372 (Tex. Crim. App. 1922). Therefore, if the right of trial
by jury is to be relinquished, we hold that it must be waived in accordance with the specific statutory
requirements of article 1.13(a). Despite the trial court's Findings of Fact and Conclusions of Law, we
find that the failure to procure a written waiver or a statement in open court by the defendant waiving
his right of trial by jury prior to proceeding to a bench trial was error.


Harmless Error Analysis

Accordingly, we must determine whether this error is subject to a harmless error analysis. In
Meek v. State, 851 S.W.2d 868, 871 (Tex. Crim. App. 1993), the court of criminal appeals held that
a trial court's error in failing to comply with the jury waiver requirements of article 1.13 is not subject
to a harmless error analysis. However, in Cain v. State, 947 S.W.2d 262, 264 (Tex. Crim. App.
1997), the court of criminal appeals held that "except for certain federal constitutional errors labeled
by the United States Supreme Court as 'structural,' no error ... is categorically immune to a harmless
error analysis." The Cain court declared that "to the extent that Marin ... and any other decision
conflicts with the present opinion, they are overruled." Id. 

Hence, we must determine whether the trial court's error is of constitutional dimension or one
that affects Garza's substantial rights. See Trahan, 991 S.W.2d at 940-41. While the right to trial by
jury is a constitutional privilege, the ability to waive a jury trial is a statutory right, and how a
defendant may waive that right is regulated by the legislature. See id. at 941. Thus, a trial court's
failure to procure a written jury trial waiver is a non-constitutional error, and the harmless error
analysis would be the proper vehicle for reviewing the error to determine if it is indeed harmless. See
Trahan, 991 S.W.2d at 941; Aguirre-Mata v. State, 992 S.W.2d 495, 498 (Tex. Crim. App. 1999).
Similarly, the Texas Rules of Appellate Procedure mandate that any error, defect, irregularity, or
variance that is non-constitutional must be disregarded, unless it affects an appellant's substantial
rights. Tex. R. App. P. 44.2(b). In other words, the error will be overlooked unless it caused a
substantial and injurious effect or influence in determining the jury's verdict. This definition, however,
does not correctly apply to a situation involving a trial to the court without a jury. See Sluis, 11
S.W.3d at 412; Trahan, 991 S.W.2d at 941. As a result, we are forced to look to other sources for
guidance. See Sluis,11 S.W.3d at 412; Trahan, 991 S.W.2d at 941; Johnson v. State, 984 S.W.2d
736, 738 (Tex. App.-Waco 1998, pet. granted).

Texas appellate courts have recognized that the federal and state requirements for a written
jury waiver are substantially identical, and thus have adopted the federal rule when reviewing cases
where no written waiver appears in the record. See Sluis, 11 S.W.3d at 412; Trahan, 991 S.W.2d at
941; Johnson, 984 S.W.2d at 738. The federal rule states that if the record contains no written jury
waiver, then a defendant's substantial rights have been affected, unless the record clearly reflects that
the defendant personally gave express consent in open court, intelligently and knowingly. Fed. R.
Crim. P. 23. When reviewing cases where no written waiver appears in the record, we think that the
federal rule is the better rule, as it ensures an accused's constitutional right to jury trial, and stays in
step with our prior holding that the failure to obtain a written waiver of jury trial from the defendant
prior to proceeding to a bench trial is harmful, reversible error. See Chaouachi, 870 S.W.2d at 94. 
Thus, if the record contains no written jury waiver, we will find that the defendant's "substantial
rights" have been affected, unless the record clearly reflects that the defendant personally gave express
consent waiving his right to trial by jury in open court, intelligently and knowingly. 

When reviewing the case at hand, it is readily apparent that a written waiver of jury trial was
never obtained from Garza before proceeding to trial before the court. And although Garza's trial
counsel maintains that Garza was advised of his right to a jury trial and waived said right, the record
does not reflect that Garza personally gave express consent waiving his right to a jury trial in open
court intelligently and knowingly. We find that because the State failed to follow the clear and specific
requirements of article 1.13(a) prior to proceeding to a bench trial, Garza's substantial rights were
affected, and we therefore reverse the judgment of the trial court and remand the cause for further
proceedings.


 Alma L. López, Justice

 Publish