Opinion issued January 16, 2003














In The
Court of Appeals
For The
First District of Texas




NO. 01-98-00359-CR




KEN R. SLUIS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 8
Harris County, Texas
Trial Court Cause No. 97-44408




OPINION ON REMAND FROM THE
COURT OF CRIMINAL APPEALS
          After a court trial, Ken R. Sluis, appellant, was convicted of misdemeanor
assault and sentenced to 60 days confinement, probated for one year, and a $300 fine. 
In our January 20, 2000 opinion, we found the record did not contain a written jury
waiver or statement in open court waiving his right to a jury trial, and we reversed the
judgment. Sluis v. State, 11 S.W.3d 410 (Tex. App.—Houston [1st Dist.] 2000). The
State filed a petition for review, and, on June 26, 2002, the Court of Criminal Appeals
vacated our previous judgment and remanded the cause so we could have the benefit
of its decision in Johnson v. State, 72 S.W.3d 346 (Tex. Crim. App. 2002). 
          Article 1.13(a) of the Code of Criminal Procedure provides, in part, that the
defendant “shall have the right, upon entering a plea, to waive the right of trial by
jury, conditioned, however, that such waiver must be made in person by the defendant
in writing in open court with the consent and approval of the court, and the attorney
representing the State.” In Johnson, the Court of Criminal Appeals concluded that,
although article 1.13 was violated, Johnson was not harmed by the violation because
the record reflected that he was aware of his right to a jury trial and opted for a bench
trial. Id. at 349. Because Johnson merely alleged that there was no written jury
waiver, and not that there was no jury waiver at all, he alleged statutory error, not
constitutional error. Id. at 348. The judgment recited that Johnson “waived trial by
jury,” and that recitation is binding in the absence of direct proof of its falsity.” Id.
at 349; Breazeale v. State, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984). 
          On appeal, appellant argues that his case is different from Johnson because
appellant did not knowingly waive his right to a trial by jury unlike Johnson who
merely claimed that there was no written documentation of his knowing waiver of a
jury trial. Appellant does not provide any evidence in this record to support his
contention that he did not knowingly waive his right to a trial by jury.


 All of
appellant’s actions reflect that he knowingly waived a trial by jury. First, appellant
and his attorney signed a reset form on December 3, 1997 setting the case for a court
trial on December 22, 1997. Second, the court conducted a trial without a jury on
December 22, 1997, and appellant’s counsel did not object to the absence of a jury. 
Third, although appellant’s attorney filed both a motion for new trial and amended
motion for new trial, neither motion mentioned that appellant did not knowingly
waive his right to a trial by jury. Finally, the trial court’s judgment affirmatively
states “the defendant waived his right of trial by jury.” The judgment’s recitation is
binding in the absence of direct proof of its falsity. Johnson, 72 S.W.3d at 349;
Breazeale, 683 S.W.2d at 450. 
          Although article 1.13 was violated, appellant was not harmed by the violation
because the record reflects that he was aware of his right to a jury trial and opted for
a bench trial.
Conclusion
          We affirm the judgment.

                                                             Frank C. Price
                                                             Justice
 
Panel consists of Justice Taft, Alcala, and Price.



Do not publish. Tex. R. App. P. 47.