Memorandum Opinion issued January 23, 2003














In The
Court of Appeals
For The
First District of Texas




NO. 01-96-01232-CR




LINDA DIANE TRAHAN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 727065




MEMORANDUM OPINION ON REMAND FROM THE
COURT OF CRIMINAL APPEALS
          After a court trial, Linda Diane Trahan, appellant, was convicted of possession
of cocaine weighing more than one gram and less than four grams. Appellant pled
true to three prior felony enhancements, and the trial court sentenced her to 30 years
confinement. In our May 13, 1999 opinion, we found the record did not contain a
written jury waiver or statement in open court waiving her right to a jury trial, and we
reversed the judgment. Trahan v. State, 991 S.W.2d 936 (Tex. App.—Houston [1st
Dist.] 1999). The State filed a petition for review, and, on June 26, 2002, the Court
of Criminal Appeals vacated our previous judgment and remanded the cause so we
could have the benefit of its decision in Johnson v. State, 72 S.W.3d 346 (Tex. Crim.
App. 2002). 
          Article 1.13(a) of the Code of Criminal Procedure provides, in part, that the
defendant “shall have the right, upon entering a plea, to waive the right of trial by
jury, conditioned, however, that such waiver must be made in person by the defendant
in writing in open court with the consent and approval of the court, and the attorney
representing the State.” Tex. Code Crim. Proc. Ann. art. 1.13(a) (Vernon Supp.
2003). In Johnson, the Court of Criminal Appeals concluded that, although article
1.13 was violated, Johnson was not harmed by the violation because the record
reflected that he was aware of his right to a jury trial and opted for a bench trial. 
Johnson, 72 S.W.3d at 349. Because Johnson merely alleged that there was no
written jury waiver, and not that there was no jury waiver at all, he alleged statutory
error, not constitutional error. Id. at 348. The judgment recited that Johnson “waived
trial by jury,” and that recitation is binding in the absence of direct proof of its falsity.
 Id. at 349; Breazeale v. State, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984). 
          On appeal, appellant argues that her case is different from Johnson because
appellant did not knowingly waive her right to a trial by jury, unlike Johnson who
merely claimed that there was no written documentation of his knowing waiver of a
jury trial. Appellant does not provide any evidence in this record to support her
contention that she did not knowingly waive her right to a trial by jury.


 All of
appellant’s actions reflect that she knowingly waived a trial by jury. First, appellant
and her attorney signed an agreed setting form on August 30, 1996 setting the case
for a court trial on September 27, 1996. Second, the court conducted a trial without
a jury on September 27, 1996, and appellant’s counsel did not object to the absence
of a jury. Third, the trial court’s judgment affirmatively states “the defendant waived
his right of trial by jury.” The judgment’s recitation is binding in the absence of
direct proof of its falsity. Johnson, 72 S.W.3d at 349; Breazeale, 683 S.W.2d at 450.


 
          Although article 1.13 was violated, appellant was not harmed by the violation
because the record reflects that she was aware of her right to a jury trial and opted for
a bench trial.
Conclusion
          We affirm the judgment.


                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.
Do not publish. Tex. R. App. P. 47.2 (b).