Opinion issued December 16, 2004

















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-00803-CR
   __________
 
STACEY DAVID HOLLOWAY, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 928846
 

 
 
MEMORANDUM OPINION
          Without an agreed recommendation from the State, appellant, Stacey David
Holloway, pleaded no contest to aggravated robbery. The trial court sentenced
appellant to five years in prison. In his sole point of error, appellant contends that his
conviction was secured without a written jury waiver and was thus invalid. We
affirm the judgment of the trial court. 
Background
          On July 8, 2003, appellant pled no contest to the felony charge of aggravated
robbery indicating that he was not contesting the charges and orally stating that he did
not want a jury trial. Furthermore, a Waiver of Constitutional Rights, which included
the statement “I waive the right of trial by jury,” was supplemented by a Plea of
Guilty (No Contest) form, which was signed by appellant after he stated that “I
understand the above allegations.” The trial court found appellant guilty and
thereafter assessed punishment at five years in prison. Appellant filed written notice
of appeal on July 30, 2003. 
Jury Waiver
          In his sole point of error, appellant contends that his conviction was secured
without a written jury waiver and was thus invalid. A defendant has the right, upon
entering a plea, to waive the right of trial by jury, conditioned, however, that such
waiver must be made in person by the defendant in writing in open court with the
consent and approval of the court and the attorney representing the State. Tex. Code
Crim. Proc. Ann. art. 1.13 (Vernon Supp. 2004-2005). A conviction secured
without a jury and without a written jury waiver is invalid and must be reversed and
a new trial ordered. Ex Parte Tovar, 901 S.W.2d 484, 485 (Tex. Crim. App. 1995). 
 Where no written waiver of jury trial can be found and no waiver was reflected
either in the reporter’s record or as an entry on the judge’s docket sheet, the trial court
should not proceed with a bench trial in the absence of a written waiver of appellant’s
right to a jury trial. See Sluis v. State, 11 S.W.3d 410, 412 (Tex. App.—Houston [1st
Dist.] 2003, pet. ref’d).  
          In this case, appellant’s “substantial rights” were not affected because the
record reflects that appellant personally gave express consent in open court,
voluntarily, intelligently and knowingly. See Sluis, 11 S.W.3d at 412. Appellant
admitted that he was entering his plea freely and voluntarily and that he did not want
to have a jury trial. Appellant, his attorney, the prosecutor, and the judge all signed
the written waivers, including the written jury waiver, which were included in the
clerk’s record and as an exhibit. The record indicates that appellant waived his right
to trial by jury in writing in open court with the consent and approval of the trial court
and the prosecutor, pursuant to article 1.13 of the Texas Code of Criminal Procedure.
Further, the trial court’s judgment contains a recitation that appellant “appeared in
person” and “waived his right of trial by jury.” This recitation is binding absent
proof of its falsity. Johnson v. State, 72 S.W.3d 346, 347 (Tex. Crim. App. 2002).
          We overrule appellant’s sole point of error.
          Conclusion
          We affirm the judgment of the trial court.
 
                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Nuchia, Hanks, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).