**Opinion issued March 1, 2007**



**In The**

*Court of Appeals*

**For The**

*First District of Texas*

_____

**NO. 01–05–01040–CR**

_____

**PRUDENCIO VAZQUEZ PEREZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 209th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1010108**

---

**MEMORANDUM OPINION**

Appellant, Prudencio Vazquez Perez, appeals from a conviction for aggravated

sexual assault of a child. Appellant pleaded guilty to aggravated sexual assault of a

child, and the trial court sentenced him to 40 years in prison.[1]  In two points of error, appellant argues that his 40-year sentence violates the Eighth Amendment of the United States Constitution and Article I, Section 13 of the Texas Constitution because it is grossly disproportionate to the crime.

We affirm.

## Background

On July 7, 2005, appellant pleaded guilty to aggravated sexual assault of a child without an agreed punishment recommendation from the State.  The trial court withheld a finding of guilt and ordered a pre-sentence investigation.  After receiving the pre-sentence investigation report, the trial court conducted a punishment hearing.  The trial court found appellant guilty and assessed appellant's punishment at 40 years confinement in the Texas Department of Corrections.  On that same day, appellant filed a timely notice of appeal.  Appellant did not file a motion for new trial.  The trial court certified appellant's right to appeal.

## Preservation of Error for Appeal

In his first and second points of error, appellant argues that his 40-year sentence violates the Eighth amendment of the U.S. Constitution and Article I, Section 13 of the Texas Constitution because the punishment is grossly disproportionate to the crime.  *See* U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13.

---

[1]  *See* TEX. PEN. CODE ANN. § 22.021 (Vernon Supp. 2006).

Following the trial court's imposition of appellant's 40-year sentence at the punishment hearing, the trial court asked appellant if he wished to say anything, to which he responded, "You don't want to give me probation?" The trial court answered "No." On appeal, appellant identifies this dialogue as the objection that preserved his two points of error for appeal.

In order to preserve error for appellate review, the record must show that a complaint was made by a timely and specific objection, sufficient enough for the trial court to rule. TEX. R. APP. P. 33.1(a)(1)(A); *Steadman v. State*, 31 S.W.3d 738, 741 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd). There are two main purposes for requiring a timely, specific objection: (1) to inform the trial court of the objection and to give the trial court an opportunity to rule on it and (2) to give opposing counsel the opportunity to take appropriate action to remove the objection or provide other testimony. *See* TEX. R. APP. P. 33.1(a)(1); *Wright v. State*, 178 S.W.3d 905, 931(Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (holding that appellant failed to preserve error when appellant's counsel quoted objectionable phrase but did not state basis for the objection). A failure to object at trial constitutes waiver. *See Hookie v. State*, 136 S.W.3d 671, 679–80 (Tex. App.—Texarkana 2004, no pet.) (holding appellant waived disproportionality claim for failure to state constitutional objection of cruel and unusual punishment at the time his sentence was imposed); *see also Trahan v. State*, 991 S.W.2d 936, 939 (Tex. App.—Houston [1st Dist.] 1999, pet. dism'd)

(holding that even constitutional error may be waived at trial for failure to make an sufficient objection); *Jackson v. State*, 989 S.W.2d 842, 845 (Tex. App.—Texarkana 1999, no pet.) (holding that disproportionality does not fall within "right not recognized" exception to the contemporaneous objection rule and must be alleged by timely objection in order to be preserved for appeal).

Here, appellant merely asked the trial court if it did not want to give him probation. Appellant did not state any constitutional grounds for his question, nor did he allege disproportionality. We conclude that appellant's objection cannot be characterized as being sufficiently specific for preservation, nor can the trial court's response be characterized as a ruling on such alleged objection. Furthermore, appellant's alleged objection was not apparent or sufficient enough to elicit a response from the State.

Appellant argues that, although he did not state that the sentence was grossly disproportionate to the crime, such grounds were readily apparent from the context of his objection to the trial court's failure to give him deferred adjudication. Appellant relies on Rule 33.1(a)(1)(A) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 33.1(a)(1)(A). We disagree with appellant that his alleged constitutional complaint was readily apparent from the context of his brief exchange with the trial court. Because the constitutional grounds on which appellant's arguments rest were not specifically stated and are not clear from the context, we hold

that appellant waived his objection. *See* TEX. R. APP. P. 33.1.

We overrule appellant's first and second points of error.

## Conclusion

We affirm the judgment of the trial court.

Evelyn V. Keyes
Justice

Panel consists of Justices Nuchia, Keyes, and Higley.

Do not publish. *See* TEX. R. APP. P. 47.2(b).