Opinion issued December 1, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-01141-CR

———————————

Demetrius Latrae Early, Appellant

V.

The State
of  Texas, Appellee



 



 

On Appeal from the 178th District Court

Harris County, Texas



Trial Court Case No. 1217084

 



 

MEMORANDUM OPINION

          Demetrius
Latrae Early pleaded guilty without an agreed punishment recommendation to
theft of property with an aggregate value of two hundred thousand dollars or
more, a first-degree felony.  See Tex.
Penal Code Ann. §§ 31.03(a), (e)(7), 31.09 (West 2011).  After a pre-sentence investigation and
hearing, the trial court assessed a sentence of seventeen years’
confinement.  In this appeal, Early
contends that the sentence assessed by the trial court was excessive and
grossly disproportionate to the crime committed, in violation of his rights under
the Eighth Amendment of the United States Constitution.  We hold that Early waived this issue.  We therefore affirm.

Background

Early admitted that, from August
2004 until July 2006, he operated an investment scheme in which he recruited
investors to buy homes.  The investors would
provide accurate financial information to qualify for the mortgages, but the
lenders did not receive that information. 
Instead, they received enhanced income and credit information.  In addition, Early would have the homes
appraised for an amount greater than their fair market value.  This information would induce the lenders to approve
loans more readily and for a larger amount than they otherwise would have.  

Once a loan was in place, Early
would collect a portion of the funds under the guise of marketing fees,
consulting fees, or improvements.  Early would
tell the investors that he would manage the mortgage payments while leasing the
homes to individuals with poor credit.  After
a year of regular lease payments, the renters would improve their credit enough
to qualify for their own loans on the homes, and then, Early told the investors,
he would split profits with them from the sales.  The scheme fell apart when Early did not keep
up with the payments.  The banks foreclosed
on the homes, saddling the investors with debt and ruining their financial
reputations.

Discussion

According to Early, the sentence
assessed by the trial court violates the constitutional prohibition against
cruel and unusual punishment because he qualified for deferred adjudication
probation, was employed and thus was capable of making restitution payments,
and accepted responsibility for his crime. 
See U.S. Const. amend. VIII.  We agree with the State’s contention that
Early failed to preserve this constitutional complaint for appellate review. 

To preserve error for appellate
review, the record must show that the defendant raised his complaint by a
timely and specific objection.  Tex. R. App. P. 33.1(a)(1)(A); Steadman v. State, 31 S.W.3d 738, 741
(Tex. App.—Houston [1st Dist.] 2000, pet. ref’d).  This requirement serves two main purposes: (1)
to inform the trial court of the objection and give the opportunity to rule on
it, and (2) to give opposing counsel the opportunity to take appropriate
action in response.  See Tex. R. App. P.
33.1(a)(1); Wright v. State, 178
S.W.3d 905, 931(Tex. App.—Houston [14th Dist.] 2005, pet. ref’d) (holding that
appellant failed to preserve error when appellant’s counsel quoted
objectionable phrase but did not state basis for objection).  A failure to object at trial constitutes
waiver. See Hookie v. State, 136
S.W.3d 671, 679–80 (Tex. App.—Texarkana 2004, no pet.) (holding appellant
waived disproportionality claim for failure to state constitutional objection
of cruel and unusual punishment at time sentence was imposed); see also Trahan v. State, 991 S.W.2d
936, 939 (Tex. App.—Houston [1st Dist.] 1999, pet. dism’d) (holding that
defendant may waive even claim of constitutional error by failing to make timely
and adequate objection); Jackson v. State,
989 S.W.2d 842, 845 (Tex. App.—Texarkana 1999, no pet.) (holding that disproportionality
does not fall within “right not recognized” exception to the contemporaneous
objection rule and must be alleged by timely objection to preserve for appellate
review).

The Eighth Amendment of the United
States Constitution requires that a criminal sentence be proportionate to the
crime for which a defendant has been convicted.  Solem v.
Helm, 463 U.S. 277, 290, 103 S. Ct. 3001, 3009 (1983).  To preserve for appellate review a complaint
that a sentence violates this constitutional requirement and amounts to cruel
and unusual punishment, a defendant must present to the trial court a timely
request, objection, or motion stating the specific grounds for the ruling
desired.  Tex. R. App. P. 33.1(a); Rhoades
v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (concluding that
defendant waived error because he presented argument for first time on appeal);
Wynn v. State, 219 S.W.3d 54, 61
(Tex. App.—Houston [1st Dist.] 2006, no pet.) (holding that defendant’s failure
to object to life sentence as cruel and unusual punishment waived error); Solis v. State, 945 S.W.2d 300, 301
(Tex. App.—Houston [1st Dist.] 1997, pet. ref’d) (holding that defendant could
not assert cruel and unusual punishment for first time on appeal).

After the trial court announced its
sentence at the end of the punishment hearing, Early did not object to the
assessed punishment either orally or in his motion for new trial.
 See
Solis, 945 S.W.2d at 301.  We hold
that Early waived this issue for review. 

Conclusion

Early failed to preserve his Eighth
Amendment challenge for appellate review.  We therefore affirm the judgment of the trial
court.

 

 

                                                                   Jane Bland

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Bland and Huddle.

Do
not publish.   Tex. R. App. P. 47.2(b).