**Terry Lyn LOVELESS, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 05–99–00382–CR.**

Court of Appeals of Texas, Dallas.

May 24, 2000.

---

John G. Tatum, Richardson, for Appellant.

Larissa Roeder, Asst. Crim. Dist. Atty., Dallas, for State.

Before Justices KINKEADE, BRIDGES, and ROACH

## OPINION

ED KINKEADE, Justice.

Terry Lyn Loveless appeals his conviction for aggravated sexual assault of a child under fourteen years of age. On the day set for jury selection, Loveless changed his plea to guilty. The trial court assessed punishment at fifteen years' confinement in the state penitentiary and a $1,000 fine. In a single point of error, Loveless contends the trial court committed reversible error by failing to include a written jury trial waiver in the record. Although it was error not to procure a written jury trial waiver, the error was harmless and we affirm.

The record shows that when Loveless changed his plea to guilty, the trial court questioned him as to whether he understood the consequences of his decision and whether his decision was made freely and voluntarily. The record reflects the trial court clearly explained to Loveless the effect of his waiver and asked him after each admonishment if he still wished to waive his right to a jury trial. Loveless repeatedly answered yes. The trial court

warned Loveless the range of punishment included a life sentence and asked Loveless if he understood no plea bargain was connected to his guilty plea. Loveless replied, "Yes, sir." In addition, the trial court's docket sheet reflects Loveless waived a jury trial and was admonished. The trial court's judgment also reflects Loveless waived a jury trial. Despite all the evidence of an oral waiver, there is no record of a written jury trial waiver.

In a sole point of error, Loveless argues the trial court committed reversible error by failing to include a written jury trial waiver in the record. Loveless argues that a harmless error analysis does not apply where article 1.13 of the code of criminal procedure was not followed.

Article 1.13 of the Texas Code of Criminal Procedure provides that a defendant must make a *written* jury trial waiver in person. TEX.CODE CRIM. PROC. ANN. art. 1.13 (Vernon Supp.2000). We find no evidence of a written jury trial waiver in the record before us. Therefore, the trial court erred in not obtaining a written jury trial waiver.

■ Relying on *Meek v. State*, 851 S.W.2d 868 (Tex.Crim.App.1993), Loveless argues this case should be reversed because no harm analysis applies when reviewing this type of error. *See id.* at 871. In *Meek*, the Court of Criminal Appeals held that the failure to procure a written jury trial waiver as required by article 1.13 was reversible without applying a harm analysis. *Id.* However, after *Cain v. State*, 947 S.W.2d 262 (Tex.Crim.App.1997), the vitality of *Meek*'s holding is questionable. *See Lowery v. State*, 974 S.W.2d 936, 942 (Tex.App.-Dallas 1998, no pet.).

In *Cain*, Cain argued the trial court committed reversible error by failing to admonish him of the deportation consequences of a guilty plea even though he was a United States citizen. *Id.* at 263. The Court of Criminal Appeals held that, except for certain federal constitutional errors labeled by the United States Supreme

Court as "structural," no error, even one relating to a mandatory requirement, is categorically immune to a harmless error analysis. *See id.* at 264. The court held that because the failure to admonish Cain concerning deportation consequences was not a structural constitutional error, harmless error analysis applied and any error committed was harmless beyond a reasonable doubt. *Id.* Additionally, the court held that to the extent *Marin v. State*, 851 S.W.2d 275 (Tex.Crim.App.1993), *Morales v. State*, 872 S.W.2d 753 (Tex.Crim.App. 1994), *Whitten v. State*, 587 S.W.2d 156 (Tex.Crim.App.1979), "and *any other decision* conflicts with the present opinion, they are overruled." *Id.* (emphasis added). Based on *Cain*, we conclude *Meek* is no longer controlling law. *See id.*

Because we conclude the trial court's failure to procure a written jury trial waiver was error, we must determine the nature of the error. *See Cain*, 947 S.W.2d at 264; *see also* TEX.R.APP. P. 44.2. We conclude first that this is not a structural constitutional error which would automatically require reversal. *See Trahan v. State*, 991 S.W.2d 936, 940–41 (Tex.App.-Houston [1st Dist.] 1999, pet. filed). Such errors affect the trial's framework rather than being an error just in the trial process. *Id.* In this case, there was sufficient evidence of an oral waiver of a jury trial, so the trial court's failure to obtain a written waiver merely affected the trial process. *See id.* Because this is not a structural constitutional error, harmless error analysis is the proper standard of review. *See id.*

■ Under rule 44.2 of the rules of appellate procedure, we must determine whether this is a constitutional error or one which affects a substantial right. *Id.* at 941. The requirement of a written jury trial waiver is statutory. *See* TEX.CODE CRIM. PROC. ANN. art. 1.13 (Vernon Supp. 2000). Although the right to a jury trial is constitutional, how a defendant may waive that right is regulated by the legislature. *Trahan*, 991 S.W.2d at 940–41. Therefore,

a trial court's failure to procure a written jury trial waiver is a non-constitutional error. *Id.* Where an error is not constitutional, it must be disregarded if it does not affect an appellant's substantial rights. Tex.R.App. P. 44.2(b). A substantial right is affected where the error caused a substantial and injurious effect or influence in determining the jury's verdict. *King v. State,* 953 S.W.2d 266, 271 (Tex.Crim.App. 1997). This definition, however, does not apply to a situation involving a bench trial or trial to the court without a jury. *Trahan,* 991 S.W.2d at 941. Facing this same problem, two other Texas courts of appeals have looked to the federal system for guidance. *See id.; Johnson v. State,* 984 S.W.2d 736, 738 (Tex.App.-Waco 1998, pet. granted). The federal requirement for jury trial waiver is virtually identical to article 1.13. *Compare* Fed. R. Crim. P. 23 *with* Tex.Code Crim. Proc. Ann. art. 1.13(a) (Vernon Supp.2000).

In the federal system, a defendant may not effectively waive his right to a jury trial without the writing requirement of rule 23 being met. *See Johnson,* 984 S.W.2d at 738. The federal courts do allow an exception: where the record clearly reflects that the defendant " 'personally gave express consent in open court, intelligently and knowingly.' " *Trahan,* 991 S.W.2d at 941 (quoting *United States v. Saadya,* 750 F.2d 1419, 1420 (9 th Cir. 1985)). The federal courts require that evidence of oral waiver given personally by the defendant is the minimum that must appear on the record. *Saadya,* 750 F.2d at 1420.

■ Based on these federal decisions, these Texas appellate courts have adopted the rule that if the record contains no written jury waiver, a defendant's substantial rights were affected unless the record clearly reflects that the defendant personally gave express consent in open court, intelligently and knowingly. *See Trahan,* 991 S.W.2d at 941; *Johnson,* 984 S.W.2d at 738. Accordingly, we also adopt that rule as the harmless error analysis to be applied in cases where there is no written jury trial waiver in the record.

■ Applying that rule to this case, we conclude the error was harmless. The record shows the trial court clearly instructed and questioned Loveless allowing him to contemplate the full impact a jury trial waiver could have on his rights. The record confirms Loveless, intelligently, knowingly, and personally gave his express consent in open court to waive a jury trial. First, the trial court informed Loveless that only a jury could give him probation, and even a jury could not give probation if the punishment assessed was over ten years' confinement. The trial court then informed Loveless that under certain circumstances a judge could give a special type of probation, but told Loveless not to expect probation simply because they discussed it. Next, the judge explained that if he decided Loveless should be confined to the penitentiary, he would assess the punishment between five and ninety-nine years to life, the statutory range. Finally, the judge asked Loveless if he still wished to waive his right to a jury trial and enter a guilty plea, and Loveless answered in the affirmative. The docket sheet also reflects Loveless waived a jury trial and was admonished, and the judgment also reflects a jury trial was waived. Under the harmless error analysis, we hold the trial court's failure to obtain a written jury trial waiver was harmless. *See Trahan,* 991 S.W.2d at 941; *Johnson,* 984 S.W.2d at 738.

This Court has previously held that the denial of a defendant's right to a jury trial where there is no written jury trial waiver is a constitutional structural error reversible without being subject to a harm analysis. *Lowery,* 974 S.W.2d at 942. However, the instant case is distinguishable. In *Lowery,* Lowery was denied a jury trial altogether as there was no evidence of any kind of waiver in the record. The appeal was originally abated and returned to the trial court for a hearing on whether Lowery had signed a written jury trial waiver

and whether there was a copy of such. The trial court made findings of fact that Lowery was not orally asked to waive his right to a jury trial, no entry was made on the docket sheet indicating that any admonishments were given concerning a jury waiver, and Lowery had not signed a written jury trial waiver. *Id.* at 940. Therefore, this Court concluded Lowery had been denied his constitutional right to a jury trial. In contrast, this record, although devoid of a written waiver, presents adequate evidence Loveless orally waived his right to a jury trial in open court both on the day scheduled for jury selection and again during the sentencing hearing. Furthermore, Loveless received oral admonishments from the court clearly explaining the consequences of a jury trial waiver. Accordingly, we conclude the error in this case involves only the failure to comply with a statutory requirement. We overrule Loveless's sole point of error.

We affirm the trial court's judgment.