NUMBER 13-00-653-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

 



DARIAH JACKSON,                                                              Appellant,

 

                                                   v.

 

THE
STATE OF TEXAS,                                                          Appellee.

 



 

                   On appeal from the County Court at Law No. 2

                                  of Brazos
County, Texas.

 



 

                                   O P I N I O N

 

          Before Chief Justice Valdez and Justices Yañez and Castillo

                                  Opinion by Justice Castillo



 








Appellant Dariah Jackson was found guilty in a non-jury trial of the
Class B misdemeanor offense of criminal mischief.  The following day, she was sentenced by the
court to thirty days confinement in jail and a $300.00 fine.  The confinement portion of her sentence was
probated and she was placed on community supervision for one hundred and eighty
days.  In a single issue, appellant
complains that she did not execute a written jury waiver or waive her right to
a jury trial on the record.  We affirm.

Procedural Background

Appellant was charged
by information on July 8, 1999.  On July
26, 1999, appellant signed a document entitled AWaiver of arraignment, plea of not guilty and
request for a bench/jury trial.@  The final clause of the document reads @ . . . [defendant]
requests that this cause be set on the docket for a jury/bench trial.@  The word Abench@ was stricken through
in both places.  The document was signed
by appellant and her lawyer. 








According to the
docket sheet, the case was set for a guilty plea on January 14, 2000, but the
plea was withdrawn.  The case was then
set for a jury trial on March 7, 2000, and several docket calls were held in January
and February 2000,  at which the parties
announced ready, but the case did not go to trial.  An entry on the docket sheet, dated April 17,
2000, indicated that the defense counsel requested a bench trial, was to file a
waiver of a jury trial, and that the case was set as the second bench trial on
June 9, 2000.  On June 7, 2000, due to
the prolongation of the preceding jury trial, the case was reset to June 16,
2000.  On June 16, 2000, the case was not
reached as another case went to a bench trial and the instant case was reset to
August 4, 2000.  On August 3, 2000, a
motion for continuance requested by the State was granted and the case was set
for a bench trial on September 6, 2000.

On September 6, 2000,
a bench trial was had on the information.[1]  Neither appellant nor her counsel made any
objection to the holding of a bench trial, nor was any request made on that
date for a jury trial.  Appellant was
found guilty and the parties commenced argument on punishment to the court, but
sentence was not pronounced on that date, apparently due to the lateness of the
hour.  The judgment was signed on the
following day, September 7, 2000, and indicated that appellant had waived the
right to a jury.  No objection was ever
lodged against the judgment by appellant. 
No motion for new trial was filed. 
Notice of appeal was filed the same day 
the judgment was signed.

This Court abated the
appeal and remanded it back to the trial court for a hearing to determine
whether appellant waived her right to a jury trial and consented to a bench
trial.  The trial court held a hearing
and made the following findings of fact: 

1. The defendant, Dariah Jackson requested a
jury trial in January 2000.

2. On April 17, 2000,
defendant=s attorney requested a
bench trial in open court, and indicated his intent to file a waiver of jury
trial.

 

3. No written jury waiver has ever been filed in this case.

The trial court also
forwarded the transcript of a Astatus of prosecution@ hearing held,
apparently at the behest of the appellant, on April 17, 2000.  The entire transcription of the brief proceeding
is as follows:       

THE COURT: Mr.
[defense counsel]?








DEFENSE COUNSEL: Judge
this is set set [sic] for status of prosecution.

 

COURT: This is Cause
No. 2684-99, Dariah Jackson B State of Texas versus
Dariah Jackson, status of prosecution. What does that
mean?

 

PROSECUTOR: I have no idea, Judge.

DEFENSE COUNSEL: It=s to see where the
case is on the docket.

 

COURT: That=s all?

DEFENSE COUNSEL: Yes,
sir. We would request a bench trial.

PROSECUTOR: We would
ask them to file waivers of jury trial.

DEFENSE COUNSEL: Well,
we=ll do that.

COURT: Okay. Thank
you. I guess that=s all we need on that
case. 

Thank you.                                         

DEFENSE COUNSEL: Thank
you, Judge.                 

No written waiver of a
jury trial appears in the record.[2]

Jury Waiver and Standard of
Harm Analysis








The code of criminal
procedure requires that, in order to waive the right to a trial by jury, a
defendant in a criminal prosecution must make such waiver in person and in
writing, in open court, with the consent and approval of the court and the
attorney representing the State.  Tex. Code Crim. Proc. Ann. art.
1.13(a)(Vernon Supp. 2002). This applies to misdemeanor as well as felony
cases.  State ex. rel.
Curry v. Carr, 847 S.W.2d 561, 562 (Tex. Crim.
App. 1992).  The failure to waive the
right to a jury trial in this manner is a statutory error, not a constitutional
error.  Ex parte
Sadberry, 864 S.W.2d 541, 543 (Tex. Crim. App. 1993). 
Such error is subject to a harm analysis. Cain v. State, 947
S.W.2d 262, 264 (Tex. Crim. App. 1997); Salinas v.
State, 987 S.W.2d 922, 923 (Tex. App.BCorpus Christi 1999,
no pet.)(op. on remand).  Thus, where no
waiver of jury trial has been secured, the reviewing court must determine
whether the defendant=s substantial rights
have been affected.  Salinas, 987
S.W.2d at 923.  If no substantial rights
have been affected, the error must be overlooked.  Tex. R. App. P. 44.2(b).









We are
aware that a number of our sister courts have chosen to adopt the federal jury
waiver test in cases where no written waiver appears in the record.  Lopez v. State, No. 2-01-255-CR, 2002 Tex.
App. LEXIS 1583, *6 (Fort Worth, February 28, 2002, no pet. h.); Garza v.
State, 61 S.W.3d 585, 589  (Tex. App.BSan
Antonio 2001, no pet.); Whitmire v. State,
33 S.W.3d 330, 334 (Tex. App.B Eastland 2000, no pet.); Loveless v.
State, 21 S.W.3d 582, 584 (Tex. App.BDallas 2000, pet. filed); Sluis v. State, 11 S.W.3d 410, 412 (Tex. App.BHouston
[1st Dist.] 2000, pet. filed). The federal jury waiver test provides that a
defendant=s
substantial rights are affected unless the record clearly reflects that the
defendant personally gave express consent in open court, intelligently and
knowingly.  Lopez, 2002 Tex. App. LEXIS 1583, *6. The court of criminal appeals
has recently rejected this test in Johnson v. State, No. 389-99, 2002
Tex. Crim. App. LEXIS 77, *7-8 (April 10, 2002),
finding that the ordinary harm analysis standard under rule 44.2(b) should be
applied, without the presumption of harmfulness which the federal test
imparts.  Thus our harm analysis remains
that which the court of criminal appeals referenced to us in Salinas v.
State, 980 S.W.2d 219, 219 (Tex. Crim. App.
1998)(citing Cain v. State, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997)). 

Generally, an error
would affect a substantial right Aif it had a >substantial or
injurious influence= on the trier.@  Salinas, 987 S.W.2d at 923 (quoting Kotteakos v. United States, 328 U.S. 750, 776
(1946) and King v. State, 953 S.W.2d 266, 271 (Tex. Crim.
App. 1997)).  However, the
court of criminal appeals in Johnson held that the King test is
not helpful in evaluating harm in a non-jury proceeding.  Johnson, 2001 Tex. Crim.
App. LEXIS 77, at *4-5.   Instead, we are
to determine whether the record reflects that appellant understood her right to
a jury trial before her bench trial began. 
Id. at *5-6.[3]


Discussion

In the present case,
no written jury waiver was filed.  We
therefore find that there was error and consider now whether such error was
harmful.








Appellant does not
argue on appeal that her right to a jury trial was violated.  She does not argue that she was deprived of a
jury trial.  At the time of trial,
neither she nor her attorney objected to the lack of a jury trial.  Appellant did not file a motion for new
trial.  Appellant did not request a
correction of the judgment which stated that she had waived her right to a
trial by jury.  Appellant does not claim
on appeal that her attorney was ineffective for allowing her to be tried in a
bench trial.  Rather, appellant  argues that she Amerely acquiesced@ to the bench trial
and such action was not sufficient to constitute a waiver.  








Appellant=s use of the phrase Amerely acquiesced@ in light of the facts
of this case is disingenuous at best. Appellant=s counsel, in open court, requested a
bench trial and assured the trial court that a written waiver of a jury would
be subsequently filed.  There is nothing
in the record reflecting that the State ever requested a bench trial.  Appellant had a bench trial because her
attorney requested it. Accordingly, either: 1) appellant agreed with her
counsel and wanted to waive a jury and have a bench trial; or 2)
appellant did not agree with her counsel, 
and counsel failed in his professional duty to his client by requesting
a bench trial contrary to his client=s wishes.  If the first scenario is true, then appellant
has suffered no harm because appellant cannot complain of having received
something she desired and requested through counsel.  If the second scenario is true, and counsel
violated his duty to his client by requesting a bench trial without authority
and against her wishes, then appellant would indeed have been harmed.   However, in such a scenario, we would have
expected a motion for new trial raising such complaint or at least an issue on
appeal raising a claim of ineffective assistance of counsel.  In a criminal case, an attorney has the
specific responsibility under the Texas Disciplinary Rules of Professional
Conduct to abide by the client=s decision, after
consultation with the client, on the issue of whether to waive a jury trial.  Tex.
Disciplinary R. Prof=l Conduct 1.02(a)(3), reprinted in
Tex. Gov=t
Code Ann.,
tit.2, subtit. G app. A (Vernon Supp. 2002).  We presume that counsel exercised his
professional responsibility toward his client, both in consulting with her
regarding her desire to waive a jury trial and in carrying out her wishes
regarding the same by requesting a bench trial. 
There is certainly no evidence in the record that would indicate that
the attorney failed in his professional responsibility under this rule. 








Moreover, contrary to
appellant=s allegations on
appeal, the record is not silent on the issue of jury waiver.  First, there is the judgment, which indicates
that appellant waived her right to trial by jury and which was never challenged
for its correctness.[4]  The court of criminal appeals has held that
this alone is sufficient, in the absence of direct proof of its falsity, to
find that there is no harm in a violation of article 1.13(a).  Johnson, 2002 Tex. Crim.
App. LEXIS 77 at *7-8.  Additionally,
there is the affirmative request by the defense for a bench trial, made in a
special hearing apparently requested by the defense for the purpose of securing
a bench trial.  This desire and request
for a bench trial was never denied, repudiated, withdrawn, or complained of by
appellant before, during, or after trial, even in the face of several
continuances and re-settings for the bench trial.  Even on appeal, appellant does not complain
that she did not know of her right to a jury trial or was deprived of her right
to trial by jury.  Nor does she claim
that she wanted a jury trial or that she did not intend to waive a jury
trial.  Like the defendant in Sadberry, she only claims that her Aconviction should be
set aside because [her] signature does not appear on the statutorily prescribed
jury waiver form.@  Sadberry, 864
S.W.2d at 543.  However, unlike Sadberry, the instant case is one in which the
appellant specifically sought a non-jury trial and requested such from the
court.[5] 
Accordingly, as appellant, through her counsel, actively sought and
petitioned for a bench trial in lieu of a jury trial, and the record reflects
that she was aware of her right to a jury trial prior to the commencement of
her bench trial, we cannot say that she was harmed by the failure of her
attorney to file a written waiver of her right to jury.  Johnson, 2002 Tex. Crim.
App. LEXIS 77 at *5-8.  We will not find
harm in appellant receiving the bench trial she requested.








Conclusion

Having overruled
appellant=s sole issue, we
affirm the judgment of the trial court.                                                                       

ERRLINDA CASTILLO

Justice

 

Publish.

Tex. R. App. P. 47.3(b).

 

Opinion delivered and filed

this 16th day of May, 2002.

 











[1] The docket sheet
incorrectly states that a plea of guilty was entered on that date.





[2] This Court also
ordered the trial court clerk to file a supplemental record with this Court
containing any waiver of a jury trial filed by appellant or to certify to this
Court that no such document was filed. The clerk filed with this Court a
supplemental record containing the document previously described containing the
request for a jury trial and a pro forma certificate certifying that the
documents attached were those specified by the appellate rules and all other
documents timely requested by a party to the proceedings as per the rules.





[3]
Although we are bound to follow the court of criminal appeals, we
agree with Judge Meyers that King can be applied to a non-jury
proceeding.  Johnson, 2001
Tex. Crim. App. LEXIS 77, at *13-14 (Meyers, J.,
dissenting).  By the majority=s
analysis, the King test could never be adapted to a bench trial or plea
situation.  There is nothing in King,
either explicitly or implicitly, that limits it to a trier
of fact that is a jury versus a trier of fact that is
a judge and nothing in its logic that relies on that question.  The crux of the King test is simply
that a substantive right is affected when it has had a substantial and
injurious effect on the trier of fact. Thus when we
faced that issue in Salinas, where the ultimate trier
of fact was a judge, we found no difficulty in applying the King
test  B we simply substituted Atrier@ for Ajury.@ See
Salinas, 987 S.W.2d at 923. 
However, for the purposes of this opinion, it matters not which test is
utilized as the result is the same under either.





[4]  We
are bound to presume the regularity of a judgment. Meek v. State, 851
S.W.2d 868, 870 (Tex. Crim. App. 1993).  To overcome the presumption of regularity, a
defendant must object to the accuracy of the judgment or affirmatively disprove
the disputed recitation.  Id.  In the present case, unlike that before the Meek
court, the defendant has not denied signing a waiver, nor do the findings of
facts submitted to us by the trial court touch on the question of whether a
written waiver was ever signed. 
Rather, the findings made only revealed that no written waiver was ever filed.





[5] Sadberry
is also distinguishable because it involved a post-conviction writ of habeas
corpus.

However,
in that case, the court of criminal appeals, as we do today, frowned on finding
harm for non-procedural compliance with article 1.13 where there was no
contention by the applicant that he had desired and had been deprived of a jury
trial.  Sadberry,
864 S.W.2d at 543.