In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00148-CR

                                                ______________________________

 

 

                                    HORACIO GONZALES,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                        On Appeal from the 2nd Judicial District Court

                                                          Cherokee
County, Texas

                                                            Trial
Court No. 17369

 

                                                         
                                         

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                     MEMORANDUM 
OPINION

 

            Following
a bench trial, Horacio Gonzales was convicted of aggravated sexual assault of
eight-year-old M.G. and was sentenced to thirty years’ imprisonment.[1]  Gonzales alleges that he did not validly
waive his right to trial by jury and that the trial court’s judgment was not
supported by legally sufficient evidence.[2]  We affirm the trial court’s judgment, because
(1) the lack of a formal jury-trial waiver was not harmful and (2) sufficient
evidence supported the trial court’s judgment.

(1)        The Lack of a Formal
Jury-Trial Waiver Was Not Harmful

            Article 1.13 of
the Texas Code of Criminal Procedure states:

The defendant in a criminal prosecution for any
offense other than a capital felony case in which the State notifies the court
and the defendant that it will seek the death penalty shall have the right,
upon entering a plea, to waive the right of trial by jury, conditioned,
however, that such waiver must be made in person by the defendant in writing in
open court with the consent and approval of the court, and the attorney
representing the State.  The consent and
approval by the court shall be entered of record on the minutes of the court,
and the consent and approval of the attorney representing the State shall be in
writing, signed by him, and filed in the papers of the cause before the
defendant enters his plea.

 

Tex.
Code Crim. Proc. Ann. art. 1.13(a) (Vernon 2005).  Both parties agree there was a failure to
comply with this rule.  Specifically,
there was no written waiver of trial by jury, no indication of such a waiver in
open court, and no record of consent and approval by the trial court or by the
State.  Thus, the parties have assumed
that Article 1.13(a) was violated, and the issue before us is whether Gonzales
was harmed.

            Gonzales
contends that denial of his right to a jury trial is not subject to a harm
analysis.  However, “the violation of a
mandatory statute does not, by itself, call for the reversal of a
conviction.”  Smith v. State, 223 S.W.3d 690, 695 (Tex. App.—Texarkana 2007, no
pet.) (citing Ford v. State, 73
S.W.3d 923, 925 (Tex. Crim. App. 2002)). 
Because Gonzales “alleges merely that there was no written jury waiver,
and does not allege that there was no jury waiver at all, he alleges statutory
error, not constitutional error.  We
therefore analyze harm under Appellate Rule 44.2(b).”  Johnson
v. State, 72 S.W.3d 346, 348 (Tex. Crim. App. 2002); Jackson v. State, 76 S.W.3d 798, 801 (Tex. App.—Corpus Christi
2002, no pet.) (ordinary harm analysis applied to Article 1.13 violations per Johnson); Whitmire v. State, 33 S.W.3d 330, 333–34 (Tex. App.—Eastland 2000,
no pet.) (same); Loveless v. State,
21 S.W.3d 582, 584 (Tex. App.—Dallas 2000, pet. ref’d) (recognizing overruling
of Meek v. State, 851 S.W.2d 868, 871
(Tex. Crim. App. 1993)).  If the error
“does not affect substantial rights,” then it “must be disregarded.”  Tex. R.
App. P. 44.2(b); Johnson, 72
S.W.3d at 348.

            To
assess harm resulting from this nonconstitutional error, we examine whether the
purpose of Article 1.13 was thwarted by the error.  Smith, 223 S.W.3d at
695.  “[T]he purpose of this statute is
to ensure that a defendant is fully aware of his right to have a jury.”  Id. at
696.  Thus, to determine whether the
Article 1.13 violation was harmful, we “ascertain whether [Gonzales] understood
his right to trial by jury.”  Johnson, 72 S.W.3d at 349; see Smith, 223 S.W.3d at 695.  If the record demonstrates he was “fully
aware of his right to a jury trial,” no harm can be shown.  Smith,
223 S.W.3d at 696.

            Here,
a record developed during the motion for new trial led the trial court to
conclude “the defendant testified that his trial counsel advised him that he
had a right to a jury trial, that he knew he was going to be tried before the
Court, and that he did intend to waive his right to a jury trial.” The
following questioning of Gonzales supports the trial court’s conclusions:

            Q.        During that hour and a half meeting
[with your attorney, Mr. Mayhan,] you discussed the fact that this was
going to be a bench trial, correct?

 

            A.        Yes. 

 

            Q.        And this was something you had discussed
with Mr. Mayhan in the past, correct?

 

            A.        We discussed it.

 

            Q.        And Mr. Mayhan told you on more than one
occasion of your right to a jury trial, correct?

 

            A.        Yes.

 

            .
. . .

 

            Q.        So you knew that when you came here you
were not going to be getting a jury trial?

 

            A.        Correct.

 

            Q.        That was your intention, correct?

 

            A.        Correct.

 

            Q.        So you intended to waive your right to a
jury, correct?

 

            A.        I didn’t intend it to waive my
rights.  I mean, he offered me something
else, that’s the reason we went with the judge. 

 

            Q.        He offered you something else what do
you mean?

 

            A.        Probation.[3]

 

            Q.        Okay. 
Because your hope was that you would get probation you decided to waive
your right to a jury trial and go to the Judge?

 

            A.        Right.

 

            Q.        So you did make a conscious decision to
waive your right to a jury trial?

 

A.        Yes.

 

The trial was originally set for
trial by jury.  Mayhan believed Gonzales
understood his right to trial by jury, that he “talked to him about it on a
number of occasions,” and that Gonzales “did say he wanted a trial to the Court
or that was his choice after I advised him of what his rights were.”[4]

            Because
Gonzales was fully aware of his right to trial by jury, the Article 1.13
violation did not harm him.

(2)        Sufficient Evidence
Supported the Trial Court’s Judgment

            We
turn to the question of the sufficiency of the evidence.  The indictment in this case alleged that
Gonzales penetrated M.G.’s female sexual organ with his finger.  Under a hypothetically correct jury charge,
the State was required to prove that Gonzales intentionally[5] or
knowingly “caus[ed] the penetration of the . . . sexual organ of a child by any
means,” and “the victim is younger than 14 years of age.”[6]  Tex.
Penal Code Ann. § 22.021(a)(1)(B), (2)(B) (Vernon Supp. 2010).

            In
evaluating evidentiary sufficiency, we review all the evidence in the light
most favorable to the verdict to determine whether any rational fact-finder could
have found the essential elements of aggravated sexual assault of a child
beyond a reasonable doubt.  Brooks, 323 S.W.3d at 912 (citing Jackson, 443 U.S. at 319); Hartsfield v. State, 305 S.W.3d 859, 863
(Tex. App.—Texarkana 2010, pet. ref’d) (citing Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)).  Our rigorous sufficiency review focuses on
the quality of the evidence presented.  Brooks, 323 S.W.3d at 917 (Cochran, J., concurring).  We examine evidentiary sufficiency under the
direction of the Brooks opinion,
while giving deference to the responsibility of the fact-finder “to fairly
resolve conflicts in testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts.” 
Hooper v. State, 214 S.W.3d 9,
13 (Tex. Crim. App. 2007) (citing Jackson,
443 U.S. at 318–19).

            Sufficiency
of the evidence is measured by the elements of the offense as defined by a
hypothetically correct jury charge.  Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997); see also Grotti
v. State, 273 S.W.3d 273, 280 (Tex. Crim. App. 2008); Vega v. State, 267 S.W.3d 912, 916 (Tex. Crim. App. 2008).  Stating that “[m]ere contact with the outside
of an object does not amount to penetration,” Gonzales challenges only the
element of penetration. 

            M.G. testified
that, the last time she visited Gonzales, she “went to bed with him.”  She said, “I was sleeping and I woke up and
he was touching me” “[o]n my private,” under her clothes. The State cites to
the following transcript to establish penetration:

            Q.        Did his hand or his fingers go inside
your private at all or just on the outside or kind of a little bit inside or
what was that?

 

            A.        Like when you wipe. 

 

            Q.        Like when you wipe.  The part of your body that’s kind of damp?

 

            A.        Yes, ma’am.  

 

The State also refers to
testimony by sexual assault nurse examiner Valerie Murphy.  Murphy stated:

I asked [M.G.] why she was there and she said, “He
touched the inside of my bug.”  And I
asked her what her bug was.  And then I
actually pulled out a female diagram of the vagina and had her point to where
she was touched, and explained to her what that -- what that diagram was, what
it looked like, and had her explain to me where she was touched. 

 

The diagram indicated that M.G.
pointed to the female sexual organ while stating “in here–not in the hole.”  Murphy believed M.G. was pointing to “the
clitoris or the clitoris hood.”  Murphy’s
report records M.G. stating, “[H]e just touched on the inside.”  

            “The
testimony of a child sexual abuse victim alone is sufficient to support a
conviction for aggravated sexual assault.” 
Ozuna v. State, 199 S.W.3d
601, 606 (Tex. App.—Corpus Christi 2006, no pet.) (citing Tex. Code Crim. Proc. Ann. art. 38.07
(Vernon 2005); Garcia v. State, 563
S.W.2d 925, 928 (Tex. Crim. App. 1978)). 
When a child has sufficiently communicated that the touching occurred to
a part of the body within the definition of the statute, the evidence will be
sufficient to support a conviction regardless of the unsophisticated language
the child uses.  Gallegos v. State, 918 S.W.2d 50, 54 (Tex. App.—Corpus Christi
1996, pet. ref’d).

            “Female
sexual organ,” as used by the statute, is a more inclusive term than “vagina”
and refers to the entire female genitalia, including both vagina and the
vulva.  Aylor v. State, 727 S.W.2d 727, 729–30 (Tex. App.—Austin 1987, pet.
ref’d).  “[T]actile contact beneath the
fold of complainant[’]s external genitalia amounts to penetration within the
meaning of the Aggravated Sexual Assault statute, since vaginal penetration is
not required, but only penetration of the ‘female sexual organ.’”  Steadman
v. State, 280 S.W.3d 242, 247–48 (Tex. Crim. App. 2009) (quoting Vernon v. State, 841 S.W.2d 407, 409–10
(Tex. Crim. App. 1992)).  The slightest
penetration of the female sexual organ is sufficient to prove penetration.  Vernon,
841 S.W.2d at 409.  Penetration occurs so
long as contact with the female sexual organ could reasonably be regarded by an
ordinary person as more intrusive than contact with the outer labia.  Id.  Proof of penetration may be
circumstantial.  Id.; Belt v. State, 227
S.W.3d 339, 342 (Tex. App.—Texarkana 2007, no pet.).

            M.G.
testified that Gonzales touched her private under her clothes on the part of
the body that is damp, and “[l]ike when you wipe.”  M.G. told Murphy that Gonzales had “touched
the inside of my bug” and “in” her female sexual organ.  When M.G. was asked where she was touched,
Murphy believed M.G. pointed to “the clitoris or the clitoris hood.”  

            We
conclude that a rational fact-finder could have found beyond a reasonable doubt
that Gonzales caused the penetration of M.G.’s female sexual organ.  Gonzales’ only evidentiary sufficiency
challenge, the element of penetration, is overruled.

            We affirm the
trial court’s judgment. 

 

 

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date Submitted:          March
17, 2011

Date Decided:             March
18, 2011

 

Do Not Publish

 











[1]Originally appealed to the Twelfth Court of Appeals,
this case was transferred to this Court by the Texas Supreme Court pursuant to
its docket equalization efforts.  See Tex.
Gov’t Code Ann. § 73.001 (Vernon 2005). 
We are unaware of any conflict between precedent of the Twelfth Court of
Appeals and that of this Court on any relevant issue.  See
Tex. R. App. P. 41.3.

 





[2]Gonzales
also complains the evidence was factually insufficient to support his
conviction.  We have previously explained
that in Brooks v. State, 323 S.W.3d
893, 894–95, 912–13 (Tex. Crim. App. 2010),

 

a plurality of the Texas Court of
Criminal Appeals abolished the factual sufficiency review established by Clewis v. State, 922 S.W.2d 126 (Tex. Crim.
App. 1996), and its progeny.  The
plurality and the concurring judges agreed that the Jackson v. Virginia, 443 U.S. 307 (1979), legal sufficiency
standard is the sole standard that a reviewing court should apply in
determining whether the evidence is sufficient to support each element of a
criminal offense that the State is required to prove beyond a reasonable doubt.
 Brooks,
323 S.W.3d at 894–95, 912–13.  Since the
Texas Court of Criminal Appeals has abolished factual sufficiency review, we
need not address the defendant's challenge to the factual sufficiency of the
evidence.  

 

Louis v. State,
329 S.W.3d 260, 267 n.5 (Tex. App.––Texarkana 2010, pet. filed). 





[3]Gonzales
was never eligible for judge-ordered or jury-recommended community supervision
for aggravated sexual assault of a child. 
Tex. Code Crim. Proc. Ann.
art. 42.12 §§ 3g(a)(1)(E), 4(d)(5) (Vernon Supp. 2010).  The question of whether Gonzales’ decision to
proceed with a bench trial was based on inadequate legal advice is not before
us.





[4]The
State contends that an oral waiver of jury trial occurred, but was not
recorded, citing the following:  

 

                Q.            In this courtroom the morning of
this trial do you recall there being a brief recess and myself rounded the
corner of Defense Counsel table at one point when I was over there by you, the
Judge made the statement, “I assume this is a waiver of a jury trial.”  Do you recall that?  

 

                A.            I don’t recall that.  

 

                .
. . .

 

                Q.            Do you recall that your attorney
responding [sic], “Yes, sir?”  

 

                A.            I think so.  

 

                Q.            Do you recall the Judge looking at
you and saying “Is this correct?”  

 

                A.            I think so.  

 

                Q.            And do you recall saying, “Yes,
sir?”  

 

                A.            I think so.  

 

                Q.            We were here in open court at that
time, correct?  

 

                A.            Uh-huh.  

 

                Q.            So you acknowledge that you made a
statement in open court to the Judge that you were waiving your right to a jury
trial, correct?  

 

                A.            No. 


                

                Q.            Let me go back.  You just said you recall telling the Judge,
“Yes, sir,” in response to his question? 


 

                A.            I guess I didn’t understand that
question at that time.  

 





[5]Intent
to commit sexual assault can be inferred from acts done. Cook v. State, 99 S.W.3d 310, 316 (Tex. App.––Eastland 2003, no
pet.).

 





[6]M.G.’s
age is not in dispute.