

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00148-CR

_____


HORACIO GONZALES, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 2nd Judicial District Court
Cherokee County, Texas
Trial Court No. 17369



Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Following a bench trial, Horacio Gonzales was convicted of aggravated sexual assault of eight-year-old M.G. and was sentenced to thirty years' imprisonment.[1] Gonzales alleges that he did not validly waive his right to trial by jury and that the trial court's judgment was not supported by legally sufficient evidence.[2] We affirm the trial court's judgment, because (1) the lack of a formal jury-trial waiver was not harmful and (2) sufficient evidence supported the trial court's judgment.

*(1)    The Lack of a Formal Jury-Trial Waiver Was Not Harmful*

Article 1.13 of the Texas Code of Criminal Procedure states:

The defendant in a criminal prosecution for any offense other than a capital felony case in which the State notifies the court and the defendant that it will seek the death penalty shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]Gonzales also complains the evidence was factually insufficient to support his conviction. We have previously explained that in *Brooks v. State*, 323 S.W.3d 893, 894–95, 912–13 (Tex. Crim. App. 2010),

> a plurality of the Texas Court of Criminal Appeals abolished the factual sufficiency review established by *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996), and its progeny. The plurality and the concurring judges agreed that the *Jackson v. Virginia*, 443 U.S. 307 (1979), legal sufficiency standard is the sole standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Brooks*, 323 S.W.3d at 894–95, 912–13. Since the Texas Court of Criminal Appeals has abolished factual sufficiency review, we need not address the defendant's challenge to the factual sufficiency of the evidence.

*Louis v. State*, 329 S.W.3d 260, 267 n.5 (Tex. App.—Texarkana 2010, pet. filed).

2

defendant in writing in open court with the consent and approval of the court, and the attorney representing the State. The consent and approval by the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea.

TEX. CODE CRIM. PROC. ANN. art. 1.13(a) (Vernon 2005). Both parties agree there was a failure to comply with this rule. Specifically, there was no written waiver of trial by jury, no indication of such a waiver in open court, and no record of consent and approval by the trial court or by the State. Thus, the parties have assumed that Article 1.13(a) was violated, and the issue before us is whether Gonzales was harmed.

Gonzales contends that denial of his right to a jury trial is not subject to a harm analysis. However, "the violation of a mandatory statute does not, by itself, call for the reversal of a conviction." *Smith v. State*, 223 S.W.3d 690, 695 (Tex. App.—Texarkana 2007, no pet.) (citing *Ford v. State*, 73 S.W.3d 923, 925 (Tex. Crim. App. 2002)). Because Gonzales "alleges merely that there was no written jury waiver, and does not allege that there was no jury waiver at all, he alleges statutory error, not constitutional error. We therefore analyze harm under Appellate Rule 44.2(b)." *Johnson v. State*, 72 S.W.3d 346, 348 (Tex. Crim. App. 2002); *Jackson v. State*, 76 S.W.3d 798, 801 (Tex. App.—Corpus Christi 2002, no pet.) (ordinary harm analysis applied to Article 1.13 violations per *Johnson*); *Whitmire v. State*, 33 S.W.3d 330, 333–34 (Tex. App.—Eastland 2000, no pet.) (same); *Loveless v. State*, 21 S.W.3d 582, 584 (Tex. App.—Dallas 2000, pet. ref'd) (recognizing overruling of *Meek v. State*, 851 S.W.2d 868, 871 (Tex. Crim. App.

3

1993)). If the error "does not affect substantial rights," then it "must be disregarded." TEX. R. APP. P. 44.2(b); *Johnson*, 72 S.W.3d at 348.

To assess harm resulting from this nonconstitutional error, we examine whether the purpose of Article 1.13 was thwarted by the error. *Smith*, 223 S.W.3d at 695. "[T]he purpose of this statute is to ensure that a defendant is fully aware of his right to have a jury." *Id.* at 696. Thus, to determine whether the Article 1.13 violation was harmful, we "ascertain whether [Gonzales] understood his right to trial by jury." *Johnson*, 72 S.W.3d at 349; *see Smith*, 223 S.W.3d at 695. If the record demonstrates he was "fully aware of his right to a jury trial," no harm can be shown. *Smith*, 223 S.W.3d at 696.

Here, a record developed during the motion for new trial led the trial court to conclude "the defendant testified that his trial counsel advised him that he had a right to a jury trial, that he knew he was going to be tried before the Court, and that he did intend to waive his right to a jury trial." The following questioning of Gonzales supports the trial court's conclusions:

> Q. During that hour and a half meeting [with your attorney, Mr. Mayhan,] you discussed the fact that this was going to be a bench trial, correct?
>
> A. Yes.
>
> Q. And this was something you had discussed with Mr. Mayhan in the past, correct?
>
> A. We discussed it.
>
> Q. And Mr. Mayhan told you on more than one occasion of your right to a jury trial, correct?

4

A.    Yes.

. . . .

Q.    So you knew that when you came here you were not going to be getting a jury trial?

A.    Correct.

Q.    That was your intention, correct?

A.    Correct.

Q.    So you intended to waive your right to a jury, correct?

A.    I didn't intend it to waive my rights.  I mean, he offered me something else, that's the reason we went with the judge.

Q.    He offered you something else what do you mean?

A.    Probation.[3]

Q.    Okay.  Because your hope was that you would get probation you decided to waive your right to a jury trial and go to the Judge?

A.    Right.

Q.    So you did make a conscious decision to waive your right to a jury trial?

A.    Yes.

---

[3]Gonzales was never eligible for judge-ordered or jury-recommended community supervision for aggravated sexual assault of a child.  TEX. CODE CRIM. PROC. ANN. art. 42.12 §§ 3g(a)(1)(E), 4(d)(5) (Vernon Supp. 2010).  The question of whether Gonzales' decision to proceed with a bench trial was based on inadequate legal advice is not before us.

The trial was originally set for trial by jury. Mayhan believed Gonzales understood his right to trial by jury, that he "talked to him about it on a number of occasions," and that Gonzales "did say he wanted a trial to the Court or that was his choice after I advised him of what his rights were."[4]

---

[4]The State contends that an oral waiver of jury trial occurred, but was not recorded, citing the following:

> Q.    In this courtroom the morning of this trial do you recall there being a brief recess and myself rounded the corner of Defense Counsel table at one point when I was over there by you, the Judge made the statement, "I assume this is a waiver of a jury trial." Do you recall that?
>
> A.    I don't recall that.
>
> . . . .
>
> Q.    Do you recall that your attorney responding [sic], "Yes, sir?"
>
> A.    I think so.
>
> Q.    Do you recall the Judge looking at you and saying "Is this correct?"
>
> A.    I think so.
>
> Q.    And do you recall saying, "Yes, sir?"
>
> A.    I think so.
>
> Q.    We were here in open court at that time, correct?
>
> A.    Uh-huh.
>
> Q.    So you acknowledge that you made a statement in open court to the Judge that you were waiving your right to a jury trial, correct?
>
> A.    No.
>
> Q.    Let me go back. You just said you recall telling the Judge, "Yes, sir," in response to his question?
>
> A.    I guess I didn't understand that question at that time.

Because Gonzales was fully aware of his right to trial by jury, the Article 1.13 violation did not harm him.

*(2)*     *Sufficient Evidence Supported the Trial Court's Judgment*

We turn to the question of the sufficiency of the evidence. The indictment in this case alleged that Gonzales penetrated M.G.'s female sexual organ with his finger. Under a hypothetically correct jury charge, the State was required to prove that Gonzales intentionally[5] or knowingly "caus[ed] the penetration of the . . . sexual organ of a child by any means," and "the victim is younger than 14 years of age."[6] TEX. PENAL CODE ANN. § 22.021(a)(1)(B), (2)(B) (Vernon Supp. 2010).

In evaluating evidentiary sufficiency, we review all the evidence in the light most favorable to the verdict to determine whether any rational fact-finder could have found the essential elements of aggravated sexual assault of a child beyond a reasonable doubt. *Brooks*, 323 S.W.3d at 912 (citing *Jackson*, 443 U.S. at 319); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd) (citing *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)). Our rigorous sufficiency review focuses on the quality of the evidence presented. *Brooks*, 323 S.W.3d at 917 (Cochran, J., concurring). We examine evidentiary sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the fact-finder

---

[5] Intent to commit sexual assault can be inferred from acts done. *Cook v. State*, 99 S.W.3d 310, 316 (Tex. App.—Eastland 2003, no pet.).

[6] M.G.'s age is not in dispute.

7

"to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19).

Sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); *see also Grotti v. State*, 273 S.W.3d 273, 280 (Tex. Crim. App. 2008); *Vega v. State*, 267 S.W.3d 912, 916 (Tex. Crim. App. 2008). Stating that "[m]ere contact with the outside of an object does not amount to penetration," Gonzales challenges only the element of penetration.

M.G. testified that, the last time she visited Gonzales, she "went to bed with him." She said, "I was sleeping and I woke up and he was touching me" "[o]n my private," under her clothes. The State cites to the following transcript to establish penetration:

> Q.  Did his hand or his fingers go inside your private at all or just on the outside or kind of a little bit inside or what was that?
>
> A.  Like when you wipe.
>
> Q.  Like when you wipe. The part of your body that's kind of damp?
>
> A.  Yes, ma'am.

The State also refers to testimony by sexual assault nurse examiner Valerie Murphy. Murphy stated:

> I asked [M.G.] why she was there and she said, "He touched the inside of my bug." And I asked her what her bug was. And then I actually pulled out a female diagram of the vagina and had her point to where she was touched, and explained to

her what that -- what that diagram was, what it looked like, and had her explain to me where she was touched.

The diagram indicated that M.G. pointed to the female sexual organ while stating "in here–not in the hole." Murphy believed M.G. was pointing to "the clitoris or the clitoris hood." Murphy's report records M.G. stating, "[H]e just touched on the inside."

"The testimony of a child sexual abuse victim alone is sufficient to support a conviction for aggravated sexual assault." *Ozuna v. State*, 199 S.W.3d 601, 606 (Tex. App.—Corpus Christi 2006, no pet.) (citing TEX. CODE CRIM. PROC. ANN. art. 38.07 (Vernon 2005); *Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978)). When a child has sufficiently communicated that the touching occurred to a part of the body within the definition of the statute, the evidence will be sufficient to support a conviction regardless of the unsophisticated language the child uses. *Gallegos v. State*, 918 S.W.2d 50, 54 (Tex. App.—Corpus Christi 1996, pet. ref'd).

"Female sexual organ," as used by the statute, is a more inclusive term than "vagina" and refers to the entire female genitalia, including both vagina and the vulva. *Aylor v. State*, 727 S.W.2d 727, 729–30 (Tex. App.—Austin 1987, pet. ref'd). "[T]actile contact beneath the fold of complainant[']s external genitalia amounts to penetration within the meaning of the Aggravated Sexual Assault statute, since vaginal penetration is not required, but only penetration of the 'female sexual organ.'" *Steadman v. State*, 280 S.W.3d 242, 247–48 (Tex. Crim. App. 2009) (quoting *Vernon v. State*, 841 S.W.2d 407, 409–10 (Tex. Crim. App. 1992)). The slightest penetration of the female sexual organ is sufficient to prove penetration. *Vernon*, 841 S.W.2d at

9

409. Penetration occurs so long as contact with the female sexual organ could reasonably be regarded by an ordinary person as more intrusive than contact with the outer labia. *Id.* Proof of penetration may be circumstantial. *Id.*; *Belt v. State*, 227 S.W.3d 339, 342 (Tex. App.—Texarkana 2007, no pet.).

M.G. testified that Gonzales touched her private under her clothes on the part of the body that is damp, and "[l]ike when you wipe." M.G. told Murphy that Gonzales had "touched the inside of my bug" and "in" her female sexual organ. When M.G. was asked where she was touched, Murphy believed M.G. pointed to "the clitoris or the clitoris hood."

We conclude that a rational fact-finder could have found beyond a reasonable doubt that Gonzales caused the penetration of M.G.'s female sexual organ. Gonzales' only evidentiary sufficiency challenge, the element of penetration, is overruled.

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice


Date Submitted:     March 17, 2011
Date Decided:       March 18, 2011

Do Not Publish