Opinion issued July 14, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00729-CR

———————————

Humberto Juventino Galvin, Appellant

V.

State of
Texas, Appellee



 



 

On Appeal from the 209th District Court

Harris County, Texas



Trial Court Case No. 1209921

 



 

MEMORANDUM OPINION

Humberto
Juventino Galvin pleaded guilty to possession of over 400 grams of opium with
the intent to deliver.  See Tex.
Health & Safety Code Ann. § 481.115(a) (West 2010).  Lacking a plea agreement with the State, Galvin
asked the trial court to assess his sentence. 
The punishment range for possession of over 400 grams of opium “is
punishable by imprisonment in the Texas Department of Criminal Justice for life
or for a term of not more than 99 years or less than 10 years, and a fine not
to exceed $100,000.”  Tex. Health & Safety Code Ann. § 481.115(f)
(West 2010).  The trial court, after considering
a pre-sentence investigation report and other evidence presented at the
sentencing hearing, assessed a punishment of thirty years’ imprisonment and a
$10,000 fine.  

In his sole issue on appeal, Galvin
contends that the trial court erred in assessing a punishment which is grossly
disproportionate to the offense he committed and resulted in cruel and unusual
punishment, in violation of the Eighth Amendment of the United States
Constitution and article 1, section 13 of the Texas Constitution.  Finding that Galvin waived this contention by
failing to raise it in the trial court, we affirm.

Background

          At
the sentencing hearing, Officer M. Sinegal testified to observing Galvin make two
deliveries of 29.8 grams of opium and 28.7 grams of opium, respectively.  Later that evening, police detained Galvin
during a traffic stop.  During the
search, they recovered another 625 grams of opium.  Sinegal further stated that Galvin was
selling the opium as heroin, which was especially dangerous to the drug
user.  Opium, Sinegal explained, is
unrefined heroin, and, unlike heroin, is usually smoked, not injected.  Injection of opium is dangerous and could
possibly result in death.  Sinegal also
testified to finding additional contraband in the course of searching Galvin’s
apartment, including 45.84 grams of cocaine, a small amount of alprazolam, over
$1,000 in cash, and a firearm.  

          Defense
counsel asked for a sentence close to the statutory minimum, pointing out that Galvin
did not have a significant criminal history and that he cooperated with the
authorities after his arrest.  The trial
court assessed the sentence and certified Galvin’s right to appeal.  This appeal followed.

Discussion

          As a
threshold matter, we consider whether Galvin preserved his constitutional complaints
for appellate review.  In his brief, Galvin
concedes that he did not object in the trial court that the sentence was
grossly disproportionate to the crime, but contends that “such grounds were
readily apparent from the context of counsel’s summation to the trial court
requesting a punishment ‘somewhere near the 15 year range.’” 

To preserve error for appellate
review, the record must show that the defendant raised his complaint by a
timely and specific objection.  Tex. R. App. P. 33.1(a)(1)(A); Steadman v. State, 31 S.W.3d 738, 741
(Tex. App.—Houston [1st Dist.] 2000, pet. ref’d).  This requirement serves two main purposes: (1) to
inform the trial court of the objection and give the opportunity to rule on it
and (2) to give opposing counsel the opportunity to take appropriate
action in response.  See Tex. R. App. P.
33.1(a)(1); Wright v. State, 178
S.W.3d 905, 931(Tex. App.—Houston [14th Dist.] 2005, pet. ref’d) (holding that
appellant failed to preserve error when appellant’s counsel quoted
objectionable phrase but did not state basis for objection).  A failure to object at trial constitutes
waiver.  See Hookie v. State, 136 S.W.3d 671, 679–80 (Tex. App.—Texarkana
2004, no pet.) (holding appellant waived disproportionality claim for failure
to state constitutional objection of cruel and unusual punishment at time
sentence was imposed); see also Trahan v.
State, 991 S.W.2d 936, 939 (Tex. App.—Houston [1st Dist.] 1999, pet. dism’d)
(holding that defendant may waive even claim of constitutional error by failing
to make adequate objection); Jackson v.
State, 989 S.W.2d 842, 845 (Tex. App.—Texarkana 1999, no pet.) (holding
that disproportionality does not fall within “right not recognized” exception
to the contemporaneous objection rule and must be alleged by timely objection
to preserve for appe1late review).

The Eighth Amendment of the United
States Constitution requires that a criminal sentence be proportionate to the
crime for which a defendant has been convicted.  Solem v.
Helm, 463 U.S. 277, 290, 103 S. Ct. 3001, 3009 (1983).  To preserve for appellate review a complaint
that a sentence violates this constitutional requirement and amounts to cruel
and unusual punishment, a defendant must present to the trial court a timely
request, objection, or motion stating the specific grounds for the ruling
desired.  Tex. R. App. P. 33.1(a); Rhoades
v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (concluding that
defendant waived error because he presented argument for first time on appeal);
Wynn v. State, 219 S.W.3d 54, 61
(Tex. App.—Houston [1st Dist.] 2006, no pet.) (holding that defendant’s failure
to object to life sentence as cruel and unusual punishment waived error); Solis v. State, 945 S.W.2d 300, 301
(Tex. App.—Houston [1st Dist.] 1997, pet. ref’d) (holding defendant could not
assert cruel and unusual punishment for first time on appeal).

Here, Galvin merely requested a
sentence at the lower end of the punishment range based on the surrounding
circumstances.  He did not invoke any
constitutional ground for his request or assert disproportionality.  Galvin’s request is not sufficiently specific
for either the trial court to rule on or to elicit a response from the State.  After the trial court announced its sentence
at the hearing, Galvin did not raise any objection to the assessed punishment to
the trial court, either at the hearing or in a motion for new trial.  See
Solis, 945 S.W.2d at 301.  An Eighth
Amendment or article 1, section 13 objection thus is not readily apparent from
the context.  We hold that Galvin waived
his issue for review.  See Tex.
R. App. P. 33.1(a)(1)(A). 




 

Conclusion

          Galvin
failed to preserve for appellate review his federal and state constitutional challenges
to the sentence as cruel and unusual punishment.  We therefore affirm the judgment of the trial
court.  All pending motions are dismissed
as moot.

 

 

                                                                   Jane
Bland

                                                                   Justice


 

Panel
consists of Justices Jennings, Bland, and Massengale.

Do
not publish.   Tex. R. App. P. 47.2(b).